## KENT v. KENT.
### No. 14106.

Court of Civil Appeals of Texas. Fort Worth.

June 21, 1940.

Rehearing Denied Sept. 27, 1940.

C. W. Goerte, of Fort Worth, for appellant.

John W. Culp, of Gainesville, for appellee.

BROWN, Justice.

Appellant filed a petition in the District Court of Tarrant County, naming appellee as defendant, in which she sought a decree dissolving the bonds of matrimony which she alleged then existed between her and the defendant, and her petition prayed for a division of certain property as between the parties.

Appellee answered by a plea of res judicata, alleging that he procured a decree of divorcement against appellant, in the District Court of Cooke County, at the January term, 1939, of said court, and that the subject matter sought to be adjudicated by the instant suit was fully adjudicated in the said prior action and that such judgment is in full force and effect. Appellee attached certified copies of all proceedings and pleadings had and filed in the Cooke County case, including the final decree, to his plea and made them a part thereof.

It appears that appellant answered in such suit and filed a cross-action and then caused her cross-action to be dismissed, whereupon appellee proceeded to trial and secured a decree dissolving the bonds of matrimony then existing between the parties. The decree is silent as to a division of the property.

The Tarrant County District Court sustained the plea of res judicata and dismissed appellant's suit. Hence the appeal.

It will be noted that in the Cooke County suit Mr. Kent prayed, as plaintiff, for a division of the community property. The decree does not attempt to divide same, and we are warranted in saying that appellee waived all relief as to such issue, or matters.

Appellant's reply to the plea of res judicata is that the Cooke County judgment is void, because the District Court of such county had no jurisdiction to grant a decree

of divorcement in the light of the petitioner's pleadings filed in such case.

■ He pleaded: "That he is a resident citizen of Cooke County, Texas, and has actually resided within said county and state for more than one year next preceding the filing of this petition."

In our opinion the mere fact that the petitioner did not literally follow the verbiage of the Statute (Art. 4631, R.C.S.) makes no material difference, in the light of his averments.

A citizen is an inhabitant and is so universally defined.

We hold that the averments are sufficient to meet the Statute.

■ But the prior judgment must be upheld under the authority of Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A. L.R. 1198, in which cause it is declared that Art. 4631 is not a jurisdictional statute but merely one prescribing the qualifications of the plaintiff in divorce cases.

This brings us to appellant's pleadings, wherein she asks recovery of certain community property.

■ If, after stripping appellant's pleadings of her prayer for a decree of divorcement, it can be said that the remaining portion of the petition is sufficient to raise the issue of a proper disposition of the community property owned by the parties, it is clear that appellant cannot maintain her suit in Tarrant County, because of the plea of privilege filed by appellee.

The judgment of the District Court of Tarrant County is affirmed without prejudice to the right of appellant to bring suit in Cooke County, Texas, for a settlement of the property rights, if any, between the parties.