## WILLIAMS v. WILLIAMS.
### No. 11114.

Court of Civil Appeals of Texas.   Galveston.
Jan. 9, 1941.

Charles H. Mayer, of Houston, for appellant.

No brief was filed in behalf of appellee.

CODY, Justice.

This is a suit for divorce. From a judgment dismissing the cause, this appeal is brought.

The court made these findings of fact and conclusions of Law;

"Findings of Fact.

"I find that the plaintiff, Silas Williams, was an actual bona fide inhabitant of the State of Texas from the 14th day of April, 1929, continuously, until the date of the filing of his original petition in this cause on the 19th day of February, 1940.

"I find that the plaintiff, Silas Williams, had actually and continuously resided in Harris County, Texas, from the 14th day of April, 1929, until the date of the filing of his original petition in this cause on the 19th day of February, 1940.

"I find that plaintiff, Silas Williams, and defendant, Theresa Williams, were legally and lawfully married at Houston, Texas, on the 14th day of April, 1929, and that plaintiff, Silas Williams, and defendant, Theresa Williams, continued to live together as husband and wife until on or about the 25th day of February, 1939.

"I find that, during the period of the marriage of plaintiff and defendant, plaintiff treated defendant with kindness and consideration, provided for her support and maintenance within his ability, and was guilty of no wrongdoing toward defendant.

"I further find that the defendant, Theresa Williams, during the last year that she and plaintiff, Silas Williams, lived together as husband and wife, to-wit:  from on or about February 25th, 1938, to on or about February 25th, 1939, was guilty of cruel treatment and of outrages toward plaintiff, Silas Williams, of such a nature as to render their further living together insupportable.

"I find that no child was born to plaintiff and defendant, and no community property acquired.

"I find that the plaintiff, Silas Williams, continued to be an actual bona fide inhabitant of the State of Texas, and continued to be an actual resident of Harris County, Texas, for four (4) days after the filing of said original petition until the 23rd day of February, 1940, and that on this latter date, February 23rd, 1940, plaintiff left the State of Texas to go to work in, and at the time of the trial of this cause was working in, New York City, New York.

"I find that plaintiff at the time of the trial of this case on March 23, 1940, was not an actual bona fide inhabitant of the State of Texas, but was then, and is now, a resident of the State of New York.

"Conclusions of Law.

"I conclude as a matter of law, that the plaintiff, Silas Williams, having abandoned his residence in Texas before the date of the trial of this cause, and having become an inhabitant of a foreign state, is not entitled to a divorce in Texas."

It was held by our Supreme Court in Aucutt v. Aucutt, 122 Tex. 518, 62 S.W. 2d 77, 89 A.L.R. 1198, that Article 4631, Vernon's Annotated Texas Civil Statutes, providing that no suit for divorce shall be maintained in the courts of this State unless the petitioner shall at the time of exhibiting his petition "be an actual bona fide

inhabitant of this State for a period of twelve (12) months, * * *" is not jurisdictional, but merely prescribes the qualifications the petitioner must possess to be entitled to prosecute a divorce in the courts of this State. The cited opinion was based largely upon the opinion of Judge Reese in Charlton v. Charlton, Tex.Civ.App., 141 S. W. 290, 291. The following is a portion of the language of Judge Reese which was quoted with approval in the cited opinion: "'A statute making residence of plaintiff a prerequisite to the exercise of divorce jurisdiction does not preclude a nonresident defendant from filing a crossbill and obtaining a decree of divorce against plaintiff. Nor will a nonresident defendant be deprived of his right to relief on a cross-bill by a dismissal or discontinuance of the original petition.'" If, under the statute, the good faith of residence of a plaintiff for twelve months before filing his petition, can impose on the courts of Texas the duty to try a cross-action of a non-resident defendant, though the plaintiff dismiss his action, the filing of which gave the court right and duty to try the cross-action, we can see no reason why a plaintiff should lose his right to prosecute a divorce because of exigencies which may have compelled him to remove to another state to make his living after his petition for divorce has been filed. Quoting with approval from the 'Charlton case, supra, the Supreme Court said in Aucutt v. Aucutt, supra [122 Tex. 518, 62 S.W.2d 80, 89 A. L.R. 1198]; "'The purpose of the statute was to protect, not only the defendant in divorce proceedings, but also the interests of society, against fly-by-night divorce suits instituted by birds of passage, who with no stability of residence, might use the courts to procure divorces upon false grounds, and sometimes by collusion with the opposite party.'" We conclude that, as appellant's is no fly-by-night affair, due to his long residence in Texas, that he did not lose his right to prosecute his suit for divorce under the court's findings of fact, though he removed from Texas after his suit was filed seeking a divorce on grounds that are based on occurrences in Texas.

As the court found that appellant was entitled to a divorce, but had, because of his loss of residence, lost his right to prosecute his suit therefor, and for that reason dismissed the suit, we reverse the judgment dismissing the cause, and here render the judgment which it appears the court below would have rendered, except for his erroneous belief that appellant had no right to prosecute his suit for divorce after removing from Texas.

The judgment of the court below dismissing the cause is reversed, and judgment is here rendered granting the divorce, as prayed for.

Reversed and rendered.