## THERWHANGER v. THERWHANGER.

### No. 2415.

Court of Civil Appeals of Texas. Eastland.
Oct. 22, 1943.

Rehearing Denied Dec. 3, 1943.

T. R. Odell, of Haskell, for appellant.

Ratliff & Ratliff, of Haskell, for appellee.

FUNDERBURK, Justice.

This is a suit for divorce and custody of a child filed April 1, 1943, by Evelyn Jeanette Therwhanger, an alleged resident of Haskell County, against her husband, Truman B. Therwhanger, who, it was alleged, "resides in Haskell County, but now is in the army as a mechanic, stationed at Lubbock, Texas", etc.

In advance of a trial of the case on its merits, the defendant filed a plea in abatement, which being heard was sustained and the suit dismissed. The ground of abatement was that plaintiff "had not resided in Haskell County, Texas, where this suit is pending, for the required period of 6 months, as provided by law in action for divorce; that on the contrary, said plaintiff had resided in Dawson and Lubbock Counties, Texas, with this defendant until on or about the 21st day of March, 1943, and for that reason this court does not have jurisdiction, as provided by law, over the subject matter of this suit."

From the judgment of dismissal plaintiff has appealed.

■ If the grounds of the plea in abatement should be conceded to exist, it would not follow that the court was without jurisdiction. Bona fide inhabitancy of the state for a period of twelve months and residence in the county where the suit is filed for six months next preceding the filing of the same, as provided in R.S.1925, Art. 4631, Vernon's Ann.Civ.St. art. 4631, are not jurisdictional prerequisites, but are facts constituting qualifications upon the right to maintain a divorce in any county upon any ground. Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198; Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, 126 S.W.2d 626; Kent v. Kent, Tex.Civ.App., 143 S.W.2d 159; Prendergast v. Prendergast, Tex.Civ.App., 122 S.W.2d 710; Tucker v. State, 141 Tex.Cr. R. 428, 148 S.W.2d 1111. It seems reasonable, however, that lack of necessary residence may be pleaded as matter in abatement, rather than in bar of the right of divorce, and if so, of course, the designation of the ground of abatement as a want of jurisdiction may properly be treated as surplusage. We shall so regard it in determining the propriety of the court's action in sustaining the plea in abatement.

■ One other matter may be mentioned by way of preliminary. Had the case been tried on its merits, the burden of proof would, of course, have been on the plaintiff to establish by a preponderance of the evidence that she was, and had been for twelve months, a bona fide inhabitant of the state and had resided in Haskell County for six months next preceding the filing of suit. Since, however, the judgment was determined upon the trial of the plea in abatement, the burden was upon the defendant to establish by a preponderance of the evidence that plaintiff had *not* been a resident of Haskell County for six months next preceding the filing of the suit. ·27 C.J.S., Divorce, p. 718, § 123.

Defendant testified to the effect that on September 23, 1942, he was inducted into the army and was at all times thereafter stationed at Lubbock, where, on November 8, 1942, his wife joined him and together they "occupied a rented apartment" to which had been taken "household bedding and silverware, clothing and things of that sort", and "a few dishes" and where they "ate and slept in the town of Lubbock" until the 2nd day of March, 1943, when, on a ten-day furlough, they both went to Haskell County, and the wife remained in Haskell County until the filing of the suit and the trial of the plea in abatement.

■ But for the testimony that defendant during all the time he was in Lubbock was in military service of the United States, the above testimony would, perhaps, be sufficient to support a presumption that he and his wife became residents of Lubbock County, from which it would follow, of course, that the wife had not resided in Haskell County for six months next preceding the filing of the suit. But in addition to the evidence showing that defendant during all the time he was in Lubbock—being all the time since leaving Haskell County—was in the military service of the nation, and, therefore, his dwelling there not necessarily voluntary, he testified that on the 21st day of August, 1942, after having been for several months in Dawson County, he and his wife brought all of their things back to Haskell County, where he rented a house, stored his things therein, and arranged for employment to begin there a little later unless before that time he was called into the army service. In short, he testified to facts confirmatory of the testimony of plaintiff, that he and she re-

sided in Haskell County at the time when he was inducted into the military service. Thus was effectively destroyed any presumption that he acquired a residence in Lubbock County or that his wife by occupying an apartment with him in that county did so. Empire Gas & Fuel Co. v. Muegge, 135 Tex. 520, 143 S.W.2d 763; Page v. Lockley, Tex.Civ.App., 176 S.W.2d 991. Without the aid of any such presumption, the evidence, we think, failed to raise any issue that Lubbock ever became the place of residence of either the defendant or the plaintiff. On the contrary, the undisputed evidence did raise a presumption, in no way rebutted, that Haskell County for more than six months next preceding the filing of the suit was the common place of residence of both plaintiff and defendant.

As all too often is the case, it is impossible to harmonize all that has been written regarding the meaning of *"inhabitant"* and *"resided"* as those words appear in R.S. 1925, Art. 4631. Under the facts of the instant case no question is presented as to whether the plaintiff was not a bona fide inhabitant of the state or had been such for twelve months next preceding the filing of the suit. The only question is: Was there evidence to raise the issue and support a finding that she had not "resided in the county where the suit is filed for six (6) months next preceding the filing of same"?

 The word "resided" has been used in many different senses. As used in venue statutes of this State, its meaning has frequently been the subject of discussion in opinions of the Supreme Court. Houston Printing Co. v. Tennant, 120 Tex. 539, 39 S.W.2d 1089; Evans v. American Publishing Co., 118 Tex. 433, 13 S.W.2d 358, 16 S.W.2d 516; Taylor v. Wilson, 99 Tex. 651, 93 S.W. 109; Pearson v. West, 97 Tex. 238, 77 S.W. 944; Brown v. Boulden, 18 Tex. 431, 432. Revised Statutes 1925, Art. 1995, is a venue statute, and in part provides that "Suits for divorce shall be brought in the county in which the plaintiff shall have *resided* for six months next preceding the bringing of the suit." subd. 16. (Italics ours.) Revised Statutes 1925, Art. 4631, is more than a venue statute and provides that "No suit for divorce shall be maintained in the Courts of this State unless the petitioner for such divorce shall at the time of exhibiting his or her petition * * *

have *resided* in the county where the suit is filed for six (6) months next preceding the filing of same." (Italics ours.) Does the word *"resided"*, as it appears in each of these two statutes, have the same meaning? It is believed that a rule which supplies the proper answer to this question is that stated in Corpus Juris as follows: "Whenever a legislature uses a word or phrase in a statute in one sense and with one meaning, and subsequently uses the same word or phrase in legislating on the same subject matter, it will be understood as using it in the same sense, unless there be something in the context or the nature of things to indicate that it intended a different meaning thereby." 59 C.J. p. 1050, § 620.

In case there be any question that the two statutes relate to the same subject matter, we find that both of the above statutory provisions originated in the same act of the Legislature entitled "An act to amend Section Eleven of an act entitled 'an Act Concerning Divorce and Alimony' approved 6th January 1841." The amending act was approved May 27, 1873, with amended section 11 reading as follows: "No suit for divorce from the grounds of matrimony shall be maintained in the courts of this state unless the petitioner for such divorce shall at the time of exhibiting his or her petition be an actual bona fide inhabitant of this state and shall have resided in the county where the suit is filed six months next preceding the filing of this suit." Gammels Laws, Vol. 7, p. 569. It is apparent that in the 1879 codification and revision of the statutes, in which is apparent the purpose to classify statutes, said amended section Eleven was re-enacted as Article 2862 in the Chapter on "Divorce", and which is now R.S.1925, Art. 4631; while in order to show that it was in part or also a venue provision was made Exception 14 in Art. 1198 in the Chapter on "Venue of Suits" and which is now Exception 16 in Art. 1995. There is not the slightest indication in any of the re-enactments of the original provision or the several recodifications of any intention to change the meaning of the word "resided". Hence, we think, the above Supreme Court decisions, although relating to the use of the word in venue, provisions should be regarded as equally authoritative upon the meaning of the word as used in said Art. 4631.

Under those decisions there would seem to be little room for doubt that the evidence in this case establishes conclusively that both plaintiff and defendant resided in Haskell County on September 23, 1942, when defendant was inducted into the army; and that there is an entire absence of any evidence of probative force; that since said time either the plaintiff or defendant has resided elsewhere. The defendant, although a witness and charged with the burden of establishing by a preponderance of the evidence that plaintiff had *not* resided for the required time in Haskell County, did not even testify to any intention of himself to make Lubbock his place of residence. Apparently he elected to let the facts as to his living in an apartment there with his wife establish such intention, or perhaps dispense with the necessity of showing intention, but, in our opinion, the facts under the circumstances cannot be given such effect.

There are decisions in which it seems to have been the view of the court that in order to have resided in the county for six months next preceding filing of suit, the plaintiff must have been continuously physically present during, at least, the greater portion of the six months' time. See, for example, Hunt v. Hunt, Tex.Civ.App., 196 S.W. 967. But there is, we think, no well-considered opinion of any court which holds that a mere temporary absence necessarily breaks the continuity of an established residence. In Haymond v. Haymond, 74 Tex. 414, 12 S.W. 90, it was declared that a temporary absence from the state or county by an inhabitant during the six months next preceding the filing of his petition for divorce would not affect his right to maintain such suit. With that proposition granted as a premise, neither reason nor authority supports a qualification of it having the effect of a proviso that the time of any temporary absence must be less than one-half of the six months. On the contrary, we think if a bona fide inhabitant of this state for twelve months or more, who has begun a residence in a particular county more than six months next preceding the filing of his suit in that county for divorce, should be incarcerated in prison in another county, or in an insane asylum in another county, for part or all of six months next preceding the filing of the suit, he could, nevertheless, maintain such suit.

Our investigation seems to warrant a generalization as follows: that the required six months' residence in the county where the suit is subsequently filed is but the last half of the required twelve months' bona fide inhabitancy of the state. In other words, if twelve months or more before filing a suit for divorce the plaintiff was a bona fide inhabitant of this *State* and continued to be such for twelve months next preceding the filing of his suit, the only other requirement is that he have been during the six months immediately preceding the filing of suit such bona fide inhabitant of the *county* in which the suit is filed.

That a temporary absence does not break the continuity of the required six months' residence has, in addition to Haymond v. Haymond, supra, been declared in the following cases: McLean v. Randell, Tex.Civ. App., 135 S.W. 1116; Fox v. Fox, Tex.Civ. App., 179 S.W. 883; Bell v. Bell, Tex.Civ. App., 135 S.W.2d 546; Snyder v. Snyder, Tex.Civ.App., 279 S.W. 897; Snead v. Snead, Tex.Civ.App., 27 S.W.2d 268.

Having concluded that the judgment of the court below dismissing the suit should be reversed and the case remanded, with instructions to the court below to reinstate said suit, it is accordingly so ordered.