**WHEELIS v. WHEELIS.**

No. 15099.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 6, 1950.

Pollard, Lawrence & Reeves, and W. Dewey Lawrence, all of Tyler, for appellant.

George C. Kemble, of Fort Worth, for appellee.

SPEER, Justice.

In this opinion William Clifford Wheelis will be referred to as appellant and Ruth Wheelis as appellee.

This appeal is from an interlocutory temporary injunction order entered by a Tarrant County District Court upon the sworn petition of appellee, and, among other things, enjoins appellant from prosecuting a suit for divorce, child custody and injunctive relief theretofore filed by appellant in a district court of Smith County against appellee. Grounds for the injunction complained of were, by the court, based mainly upon allegations and testimony offered by appellee that the appellant had fraudulently asserted his residential qualifications for divorce in the Smith County District Court case.

Upon the filing of appellee's petition in the Tarrant County District Court, a show cause order was issued to appellant and in response thereto he made a limited appearance by his counsel who filed pleas in abatement and to the jurisdiction, showing that his suit between the same parties and involving the same subject matter was then pending in the Smith County District Court. Attached as an exhibit to his pleas was a certified copy of his pending verified petition in the Smith County Court.

At the hearing from which this appeal came, appellant rightfully assumed the burden of sustaining his pleas. He offered in evidence his verified pleas in abatement and to the jurisdiction, stating at the time that the former was not offered for the purpose of showing the truth of its contents but as a means of presenting to the court his plea to the jurisdiction of the court to hear and determine the issues raised by

his petition in the pending suit in Smith County. A certified copy of his petition was then offered, which shows that its filing was prior to the institution of the instant suit. The attorneys stipulated in open court that the Smith County case was pending when this one was filed and the parties in both suits are identical. In response to a request by appellant's counsel, the trial court took judicial notice of the nature of the two suits.

The court overruled the pleas of appellant, to which exceptions were reserved. Upon announcement by the court that he would hear appellee's petition for injunctive relief, counsel for appellant declined in open court to make any appearance for his client upon a hearing for a temporary injunction against him in response to the petition of appellee. After hearing testimony offered by appellee, the court granted a temporary writ. Relating to the injunction against appellant's prosecuting his suit in Smith County, the judgment recites: "* * * and the District Court of Smith County, Texas has not acquired any jurisdiction in Cause No. 17852-A because the defendant (appellant here) had not been a resident of Smith County, Texas six (6) months next preceding the filing of said suit, but has been a resident of Tarrant County, Texas and he will continue to prosecute his fruitless suit in Smith County, Texas causing plaintiff great expense and vexation in connection therewith." The judgment orders the issuance of a writ of injunction "pending final hearing and determination of this cause," enjoining appellant from, among other things, prosecuting his pending suit in Smith County. This appeal was perfected from the final order of the trial court.

By two appropriate points of error appellant presents for review his contention that the Tarrant County Court should not have overruled his pleas to the jurisdiction and in abatement and granted the temporary writ of injunction upon the evidence offered by appellee.

■ Objection is made by appellee to our considering this appeal in so far as appellant complains of the overruling of his pleas to the jurisdiction and in abatement, for the reason, she claims, they were interlocutory orders not made appealable by statute. We overrule the objection since the appeal is from the judgment granting the temporary writ of injunction which is appealable. Article 4662, Vernon's Ann. Civ.St.; Rule 385, sub. (d), Texas Rules of Civil Procedure; Witt v. Witt, Tex.Civ. App., 205 S.W.2d 612.

■ It is elemental in this state that all district courts have coordinate jurisdiction of divorce cases. There are certain requisites and qualifications which plaintiff must allege in such cases as the basis for proof at the trial. Article 4631, Vernon's Ann.Civ.St. Appellant's petition in the Smith County case contains all of the requisites required by the cited statute. Appellee does not contend otherwise but her sole contention in the trial court and here is that appellant's allegations of residential qualifications in the Smith County Court case were falsely and fraudulently made in that court and for these reasons the Tarrant County Court would acquire jurisdiction of her petition and determine the questions. The trial court in this case did just that. We do not have before us a case in which allegations were made in the first filed suit that plaintiff was a resident of some county or state other than Smith County, Texas and therefore the petition could not be attacked because it disclosed its own vice, but, as previously pointed out, it was regular on its face.

■ Allegations of the residences of the parties in divorce cases are not treated by our courts as jurisdictional but as qualifications of the complaining party necessary to entitle him or her to a judgment of divorcement. These matters are for the determination of the court in which the relief is sought. Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77; Kent v. Kent, Tex.Civ.App., 143 S.W.2d 159; Williams v. Williams, Tex.Civ.App., 146 S.W.2d 1013; Therwhanger v. Therwhanger, Tex.Civ.App., 175 S.W.2d 704.

■ It has been held that the allegations in a petition having relation to the subject matter in an action in which the

court has jurisdiction give the court authority to determine the controversy presented, "and that jurisdiction will be retained by the court until the defendant alleges and proves that such allegations were fraudulent, * * *" 11 Tex.Jur., p. 720, sec. 14. Our courts must necessarily be judges of their own jurisdiction by a construction of the constitution and statutes. Their judgments in this respect may be reviewed under applicable laws. In the case before us the Smith County Court has had no opportunity to pass upon its own jurisdiction of the case pending before it; nor has it had an occasion to determine whether or not appellant's residential qualification was fraudulently made; nor indeed has that court heard any evidence on the subject. The presumption prevails that that court will act properly, when the question arises. When appellant's case in the Smith County Court comes on for trial the court will necessarily be called upon to determine whether or not it has jurisdiction of the parties and subject matter and will hear evidence of the truth of the allegations made concerning plaintiff's qualifications. But it appears from the judgment entered in the case before us that the Tarrant County District Court has already decided those questions adversely to plaintiff in that case and enjoined him from trying those issues in the court first acquiring jurisdiction. Our laws do not sanction such proceedings.

It is quite apparent that under our system, where we have courts of coordinate jurisdiction, our rules of practice require that such courts accord comity to each other to avoid a multiplicity of suits and to remove the hazard of having different judgments entered between the same parties on the same controverted issues and that the court first acquiring jurisdiction should retain it to the exclusion of all other similar courts until the material issues are tried out and finally determined in so far as that court has the power to do so. When, as in the instant case, an adverse party seeks to have another court of equal general jurisdiction take over the functions of another court which has acquired jurisdiction, a plea to abate the second suit for lack of jurisdiction, when timely filed and called to the court's attention, should be sustained. Long v. Long, Tex.Civ.App., 269 S.W. 207, approved in Benson v. Fulmore, Tex.Com.App., 269 S.W. 71. Broadly speaking, a court is not deprived of its constitutional and statutory *jurisdiction* by reason of the existence of another suit pending in a court of competent jurisdiction between the same parties concerning the same subject matter; but when the previously pending suit is timely called to the attention of the court in which the second suit is filed, that court is only deprived of the right to exercise its potential jurisdiction. When the latter court abates, as it should, the second suit on a timely filed plea, it is not done so much on the ground of a lack of jurisdiction as on the grounds of comity, vexatious litigation or a multiplicity of suits. 1 Tex.Jur., p. 100, sec. 70.

It is no answer to the first pending suit for a party to assert in a second suit in another county that he will be harassed by expense and vexations to defend in the first. This inconvenience is common in all cases; in fact, the act of filing the second suit brings to the opposing party the identical inconvenience and vexation complained of by the plaintiff in the second suit. Moreover, as broad as the principles of equity may be, a party is not entitled to injunctive relief when he has an adequate remedy at law. This principle has been constantly recognized since the early case of Smith v. Ryan, 20 Tex. 661, 662, and again more recently in Story v. Story, 142 Tex. 212, 176 S.W.2d 925.

In this case if appellee's contention that appellant is lacking in residential qualification in the Smith County Court case be true, it is a matter of defense in that case and if sustained will afford her adequate relief in this respect.

The policies of our laws are such that an aggrieved party, when free from fault, may have redress for a wrong done him and courts will strive to accomplish this end. There should not be any insuperable barrier imposed by a lax legal system or policy which has the effect of thwarting

these noble purposes. A somewhat similar situation to the one before us arose in the complicated case of Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063. There, each of two district courts attempted to assume and exercise jurisdiction of the same parties and same subject matter, and each enjoined the other from further actions; neither could act without being in contempt of a court of equal dignity and jurisdiction. The Supreme Court broke the perplexing stalemate by laying down a most wholesome rule to the effect that the district court in which the suit was first filed, having jurisdiction of the parties and subject matter, was entitled to retain that jurisdiction to the exclusion of all other district courts until the rights and equities of the parties to the litigation had been adjudicated and disposed of. Repka v. American National Insurance Co., 143 Tex. 542, 186 S.W.2d 977, lays down the same rule and cites Cleveland v. Ward, supra, as authority on the point.

We have carefully considered the decisions from other jurisdictions cited and relied upon by appellee to support the actions of the trial court in this case, and we decline to set a precedent in this state adhering to the principles there announced. Under the record in this case and the authorities cited, we conclude that: (1) The district court of Smith County acquired jurisdiction of all the parties and subject matter here involved prior to the institution of the suit in Tarrant County; (2) when appellant appeared in the latter case and presented by proper pleas and proof that these conditions actually existed, the trial court should have sustained the pleas, declined to exercise further jurisdiction and dismissed the case then pending in that court; and (3) the trial court should not have enjoined appellant from prosecuting his pending suit in the Smith County District Court. There is no conflict between the parties as to the status of the two suits relative to the time of filing, parties and subject matter. As the matter now stands, only a principle of law and not one of fact is involved.

The trial court erroneously exercised jurisdiction in this case under the circumstances in deciding many of the issues material to a determination of the previously pending case in Smith County and in enjoining appellant from prosecuting that case, based upon the court's findings from the testimony offered by appellee.

The situation before us has necessitated a consideration of the actions of the court with respect to the exercise of its jurisdiction in the issuance of the temporary writ of injunction, which order is the basis of this appeal, and when boiled down is the only question upon which we may assume jurisdiction. It is within the discretion of the trial court, "as a court of equity, instead of dismissing the suit to suspend proceedings therein until the termination of the suit having priority, (the case in Smith County district court) and, when the cause of abatement is removed, the suit (in Tarrant County) may be revived if anything is left to litigate." Long v. Long, Tex.Civ.App., 269 S.W. 207, 210, citing 1 C.J., p. 27, sec. 2; 1 C.J.S., Abatement & Revival, § 2. But, under the circumstances before us, we hold that it was not within the discretion of the trial court, at the time involved, to issue the writ enjoining the appellant from prosecuting his previously pending suit in Smith County, Texas; this is the only question before us at this time.

We therefore reverse the judgment of the trial court wherein he ordered the issuance of the temporary writ of injunction and dissolve the writ so issued. Reversed and the temporary writ of injunction dissolved.