## BOMAR v. BOMAR.

No. 14221.

Court of Civil Appeals of Texas. Dallas.

April 21, 1950.

Rehearing Denied May 12, 1950.

860

Ellis P. House and W. H. Hall, both of Dallas, for appellant.

Warren G. Moore, Tyler, and Matthews & Nash, Tom D. Matthews, Dallas, for appellee.

CRAMER, Justice.

This is an appeal from a judgment granting appellee a divorce from appellant, partitioning the community property, awarding custody of their minor daughter to appellee, ordering appellant to pay $50, on each 1st and 15th day of each month until the child is 16 years of age, as child support, attorney's fees of $250, costs, etc. The parties were married in Dallas County, Texas, in February 1943, and it is undisputed that their domicile and residence was in such county until on or about June 1, 1949. At that time they moved with their daughter to Tyler in Smith County, Texas, in order that appellee could be near her mother who was in ill health. On June 20, 1949 appellee filed suit against appellant in Smith County seeking temporary injunctive relief, custody of their minor daughter, for divorce, attorney's fee, etc. After temporary restraining order was granted and appellant appeared therein on the application for temporary injunction, such suit was dismissed and on July 1, 1949 the present suit was filed in Dallas County. After notice and hearing thereon, a temporary injunction (approved as to form by Ellis P. House, as attorney for appellant) was granted; and later, after personal service of citation and the necessary time had expired, no written answer to the merits having been filed, evidence was heard and the present judgment here appealed from was entered.

Such trial on the merits was without a regular setting. Appellant, three days after such judgment, filed motion for a new trial which was regularly set and after evidence was heard thereon such motion for new trial was, by the trial court, overruled. This appeal has been duly perfected from the judgment and order overruling the motion for new trial.

Appellant briefs 17 points of error. By points 1 and 2 he complains of the jurisdiction of the Juvenile Court of Dallas County, and that if such court had jurisdiction, judgment was procured through fraud, in that the testimony of appellee as to her six months residence in Dallas County was not true. By points 7 and 8 he complains of the overruling of his motion for a new trial because appellee had not been a resident of Dallas County for six months next first before the filing of the suit.

The questions raising the jurisdiction of the court must be overruled. Mitchell v. Mitchell, Tex.Civ.App., 199 S. W.2d 699; Kent v. Kent, Tex.Civ.App., 143 S.W.2d 159. The question of the residence of appellee in Dallas County for six months next first before the filing of the suit, although not jurisdictional, is, however, a question of fact which was necessary to be proved on the trial on the merits, and if upon either the trial or the motion for a new trial it appeared as a fact that the necessary six months residence was not present, then it was error for the trial court to overrule the motion. See Divorce-Residence Requirements, etc., 24 Texas Law Review 215. On the trial appellee testified she had been a resident of Dallas County for the necessary six months. Her evidence on the motion for new trial was in substance that the Smith County suit was filed solely for temporary relief in connection with temporary custody of the child and against threatened personal violence to her and the child. The petition in the Smith County suit was introduced in evidence in this case. It alleged that Dorothy Lillian Bomar "resides in Smith County, Texas" but it nowhere alleges the nature or duration, whether permanent or temporary, of such residence. Appellee testified that she and her husband moved temporarily to Tyler for the purpose of enabling her to be near her invalid mother; that her permanent residence was at all times in Dallas County. Temporary absence from her home under the circumstances did not as a matter of law break

her residence in Dallas County. In our opinion the evidence on the question of six months residence in the county was a question of fact, and the court's finding that her permanent residence was in Dallas County for six months before the filing of this suit settled that question against appellant. Fox v. Fox, Tex.Civ.App., 179 S.W. 883. We have reviewed the evidence and finding it sufficient to sustain the finding of the trial court, these points are overruled.

■ Appellant by his points 6, and 11 to 17 inclusive, attacks the validity of Art. 2338—1, Vernon's Ann.Civ.St., creating the "Juvenile Court of Dallas County." He asserts that it is unconstitutional and void, violative of Art. 5, secs. 1 and 8, of the Constitution of Texas, Vernon's Ann.St.; also that the Judge of the 101st District Court, sitting for Judge W. L. Thornton, was not proper and his order and acts void; citing Whitner v. Belknap, 89 Tex. 273, 34 S.W. 594. This case is not in point. The court there created a new district court to be presided over by the regular Judge of the 34th District Court then in existence. The new court was located at Texarkana. Texarkana was not the county seat of Bowie County. The Supreme Court held that a district court must sit at the county seat and struck down such new court at Texarkana as being illegally constituted. Appellant also cites Jordan, County Judge et al. v. Crudgington, County Auditor, 225 S.W.2d 917. The Court of Civil Appeals there struck down a new separate juvenile court for Potter County, but the Supreme Court has granted a writ of error and the case has not yet been finally disposed of by the Supreme Court. However, we do not consider the Jordan case in point here. There a new court not then in existence was created; here the Act of the Legislature under attack only limits the jurisdiction of one of the existing and duly created district courts of Dallas County. The Act provides that one of the District Courts of Dallas County shall be designated by the Judges of the several Districts of the County to act as the Juvenile Court of Dallas County; provides further that such designation is subject to change by the said judges from time to time. In our opinion this does not create a new court, but merely limits the class of cases to be tried in the designated court during the period it is to act as such Juvenile Court of the County. As said in Cheney v. Cheney, Tex.Civ.App., 82 S.W.2d 1024, 1027, affirmed 131 Tex. 212, 113 S.W.2d 162, reh. den. 131 Tex. 212, 114 S.W.2d 533, in passing upon Arts. 2329 to 2338 inclusive, R.S., before their amendment in 1943: " * * * Those statutes which refer to a 'juvenile court' in the handling of juvenile dependents do not create a new court. They do but particularize machinery for the exercise by the district court of the 'original jurisdiction and general control' over minors given to the district court by article 5, § 8, of the Texas Constitution. Thomason v. McGeorge, (Tex. Com.App.) 285 S.W. 285. * * *." But even if the Act were void, this case was originally filed in the 44th District Court, which court at that time was also the designated juvenile court of such county. The 44th District Court had jurisdiction of the cause, with jurisdiction to enter the judgment that was entered herein. Rule 330(e), Vernon's Texas Rules of Civil Procedure, which merely copies Art. 2092, sec. 21, Vernon's Ann.Civ.St., provides in substance that causes pending in any of the district courts of Dallas County may be transferred to any other district court of Dallas County and that the judges of the several district courts of the county may sit for each other with or without an order transferring the particular case tried.

■ This cause was originally filed as No. 44,185-B. "B" is the designation of the 44th District Court as provided in Art. 199, secs. 14 and 134, V.A.C.S. After the filing of this suit it was numbered 44,185 B-J, "J" being the local designation of the District Court sitting as the Juvenile Court of Dallas County. The 44th District Court, at the time of the filing of this suit, was the designated Juvenile Court of Dallas County. Therefore, the cause was properly before the 44th District Court and, at the same time, before the same court sitting as the Juvenile Court of Dallas County. The case was also properly tried by Judge Blankenship, Judge of the 101st District

Court, sitting for the Judge of the 44th District Court, and also for the Judge of the Juvenile Court of Dallas County. These assignments are overruled.

Appellant's other assignments, 3 to 5 inclusive, and 9 and 10, complain of the overruling of his motion for new trial because neither he nor his counsel was notified of the setting; the case was not regularly set for trial; the rules were not complied with by the trial court in making the setting; and since he was represented by counsel and his counsel's name was on the court records, neither he nor his counsel was negligent in not being present for the trial. These assignments involve questions of fact from the evidence on the motion for new trial. Such questions of fact were resolved against appellant by the trial court at the time of the hearing and overruling of his motion for new trial. The real basis of these points is the question of whether or not appellant's attorney handed to appellee's attorney a written answer in this cause to be filed by appellee's attorney with the District Clerk. It is undisputed that at the time of the trial no answer was on file for appellant in the cause. The evidence made a clear, clean-cut, question of fact, each side testifying positively, but directly in conflict, on such fact. The trial court's finding being sustained by sufficient and positive evidence from appellee's witnesses, we shall not set it aside. With no answer on file, and the trial court's finding on facts against appellant, on conflicting evidence, the trial court's local rules with reference to the setting of *contested* divorce cases did not apply. The cause had been on file more than 30 days. We hold that there is no irregularity in the hearing in the Dallas District Courts of a divorce case, at any time the court is in session, without a previous setting, where, as here, no written answer is on file, citation is regular and properly served by a qualified officer, has been on file for the required length of time, and the necessary 30 days the cause must remain on file before trial has expired. Such assignments are overruled.

Finding no error in the judgment below, it is affirmed.