## WOOD v. COX.
### No. 14537.

Court of Civil Appeals of Texas. Dallas.
July 11, 1952.

Rehearing Denied Oct. 3, 1952.

Earl R. Parker and Burt Barr, both of Dallas, for appellant.

Hery Wade, Dist. Atty., of Dallas County, and John J. Fagan and John B. Webster, Asst. Dist. Attys., Dallas, for appellee.

Judiciary Committee of Dallas Bar Ass'n, amicus curiae.

PER CURIAM.

This is an appeal by appellant from a judgment declaring her two children dependent and neglected.

On the day this case was originally filed, December 21, 1948, appellant was served with a notice to appear and show cause why her two children, Bobby Jo Leverett and James Wesley Leverett, should not be placed in the temporary custody of the Chief Probation Officer of Dallas County, Texas. Appellant appeared in person at the hearing, held December 28, 1948, and the Juvenile Court ordered said children to remain in the temporary custody of such Chief Probation Officer. Subsequently the

children were taken from the custody of said Chief Probation Officer, but later returned by the court's order in a habeas corpus proceeding. After a complete investigation of the facts, appellee filed an Amended Original Petition on December 7, 1951, alleging that appellant, mother of said children, had moved and was then a resident of Fort Worth, Tarrant County, Texas.

Notice was served on appellant notifying her of the final hearing to be held in the district courtroom December 12, 1951. When she arrived at the courtroom she was advised that the hearing would be held in the Juvenile Courtroom, and, without protest by her, transported to the Juvenile Home located at 4711 Hines Boulevard, on land annexed to the City of Dallas about August 5, 1947.

Appellant was present at such time and place for the duration of such hearing. The judge, after hearing all the evidence presented and after questioning appellant and her husband as to the facts of the case, there rendered judgment declaring the children to be dependent and neglected, and placed them in the care and custody of the Chief Probation Officer of Dallas County, Texas. All the proceedings took place in the courtroom in the Juvenile Home, located as above stated.

A motion for new trial, raising all the questions briefed by appellant, was overruled on January 17, 1952. This appeal has been duly perfected from such order and judgment.

The Juvenile Court of Dallas County was organized and is proceeding under Art. 2338-1, V.A.C.S.

The appellant briefs five points of error.

Point 1 raises a question as to validity of the judgment entered by the court, asserting that the court had no power or authority to hear the case and render judgment in a building not a part of the Courthouse of Dallas County, and located outside the original field notes of the county seat as it existed at the time the City of Dallas

was designated and became the county seat of Dallas County. This involves a construction of Art. 5, sec. 7, of our Constitution, Vernon's Ann.St. Prior to November 6, 1949 the Constitution provided that a district court should conduct its proceedings at the county seat of the county in which the case is pending. However on November 6, 1949 said provision was amended so as to add thereto the wording, "except as otherwise provided by law." Appellee has cited no statute enacted since November 6, 1949 authorizing the holding of court by a district judge at a place other than in the courtroom of such district court in the courthouse in such county seat.

The facts in this record are aggravated, however such state of the record does not excuse nor validate the violation of the rule as to where and under what circumstances a district court must conduct its proceedings and render its judgments.

It has been said that "Hard cases make bad law." This should not be so. Courts should not ignore the plain provisions of the statutes, even in hard cases.

■ We hold that the trial of this case was at a place not authorized by law, and since not authorized, the judgment rendered therein is void. 14 Am.Jur. 271, sec. 39; Wheeler v. Wheeler, 76 Tex. 489, 13 S.W. 305; Ralls v. Parish, Tex.Civ.App., 149 S.W. 810; Isbill v. Stovall, Tex.Civ. App., 92 S.W.2d 1067, paragraph 4; Lyons-Thomas Hdw. Co. v. Perry Stove Mfg. Co., 88 Tex. 468, 27 S.W. 100; Hunton v. Nichols, 55 Tex. 217. See, also, Note to Harris v. State, 72 Miss. 960, 18 So. 387, 33 L.R.A. 85, where a number of Texas cases are noted.

Appellee cites Art. 2370, V.A.T.S., and calls our attention to the fact that the Commissioners Court of Dallas County, at the time the Juvenile Home was constructed under its orders, provided therein a room for a juvenile court. It will be noted that Art. 2370 authorizes such buildings at the county seat only.[1] The Legislature could

1. The Juvenile Home was not built on land located in the county seat. It was not annexed until August 1947, and therefore not a part of the county seat at the time the City of Dallas was designated as the county seat of Dallas County.

have authorized the holding of court therein after the 1949 amendment to our Constitution, Art. 5, sec. 7. However they have not done so.

Appellee also cites Turner v. Tucker, 113 Tex. 434, 258 S.W. 149, and Bridgman v. Moore, 143 Tex. 250, 183 S.W.2d 705, 707. The Turner case is one where a court, having the jurisdiction of a district court, was established at Texarkana, not the county seat, and the material question was whether such a court was valid. The controlling holding by our Supreme Court was that it was not. The Bridgman case was a collateral attack on the judgment. The trial was in the courthouse and the order was entered in the regular minutes in the courthouse. The only irregularity was that the order was not signed there. The court said:

"There is no doubt that the signing and approving of the judgment at the private residence of the judge, without the knowledge or presence of petitioner or her counsel, was an irregular rendition of the judgment, and upon direct attack by bill of review would have constituted such error, under the facts of this case, as to warrant equitable relief. But we cannot concede that such irregularity rendered the judgment void. 32 C.J. 1065, § 23."[2]

The above cases are not in point here, this being a direct attack by direct appeal.

■ Until the Legislature, under the authority of the constitutional amendment above cited, does so provide therefor, the District Courts of Dallas County are confined, in the holding of court, to the places now provided in the courthouse in the City of Dallas as the county seat of Dallas County, as said city existed at the time it was designated as the county seat of Dallas County.

For the reasons stated, the judgment below is reversed and the cause is remanded to the District Court for a new trial in the courthouse of Dallas County.

Reversed and remanded.

## On Rehearing

CRAMER, Justice.

Appellee has filed a strong motion for rehearing herein, and amicus curiæ motions have been filed by Hon. Will C. Thompson and the Judiciary Committee of the Dallas Bar Association. Said motions assert that we erred in holding the judgment below was void because, (a) the courtroom was in fact located at the county seat, (b) there was no showing that the hearing was not at the county seat, (c) it is presumed that the court was held at the proper place, absent a showing to the contrary, (d) the juvenile court is permitted by its creating statute to be held at "suitable quarters" provided by the Commissioners' Court, (e) Art. 5, sec. 7, of the Constitution does not apply to the Juvenile Court of Dallas, (f) the statutes do not require juvenile courts to hold court in a courtroom of the courthouse, and (g) the legislative purpose as set out in the statutes applicable to the juvenile courts permitted the trial of these causes in the juvenile courtroom in the juvenile home in Dallas County.

The evidence supports our finding of fact in our original opinion as to the date on which the juvenile home as located was annexed to the City of Dallas, August 5, 1947, which was of course after the Dallas county seat was established in the City of Dallas, and shows that the trial was outside the limits of the City of Dallas as and when the county seat was established.

■ It is true that the juvenile court, by its creating statutes, was to sit in quarters provided by the Commissioners' Court. However such statute did not permit the establishment of such quarters outside the courthouse and outside the county seat as it existed at the time the City of Dallas was designated as such county seat. The Legislature, not the Commissioners' Court, is the lawmaking authority, required by the amendment to our Constitution to provide for the holding of court, if it desires to do so, at a place other than the county seat.

■ It is argued in the motions that the Juvenile Court in Dallas County is not a

2. Should be 33 C.J. 1065, sec. 23.

district court and therefore the rule above set out does not apply. We cannot so hold. The legislative intent is clearly expressed by the original Act and the amendment thereof by the 52nd Legislature effective May 10, 1951. Said amendment provides:

"The jurisdiction, powers, and duties thus conferred upon the established courts hereunder are superadded jurisdictions, powers, and duties; it being the intention of the Legislature not to create hereby any additional offices."

See also Bomar v. Bomar, Tex.Civ.App., 229 S.W.2d 859, by this Court.

We hold that the case below was tried in a District Court sitting as the Juvenile Court and that the rules applicable to District Courts generally are applicable, except where modified by the Juvenile Act, Art. 2338–1, V.A.C.S. The legislative policy is as stated in the original Act and the amendment above quoted, and as interpretated in the opinion of this Court in Bomar v. Bomar, supra.

For the reasons stated in our original opinion and those above stated, all motions are overruled with the instruction that the retrial of the case be heard by that court then designated as the Juvenile Court of Dallas County as provided by Art. 2338–1, V.A.C.S., and the amendments thereto.

Motions overruled.