**BURK v. BURK.**

No. 12513.

Court of Civil Appeals of Texas.
Galveston.

Feb. 19, 1953.

Rehearing Denied March 12, 1953.

Shannon L. Morris, of Baytown, for appellant.

Morris, Underwood & Oldham, Beatty Oldham, of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 80th District Court of Harris County, Texas, Hon. Roy F. Campbell, Judge, presiding without a jury, awarding the appellee, who was plaintiff below, a divorce against the appellant, who was the defendant there, together with the full custody as against him of their two minor children—a boy of 12 years and a girl of 6 years—both parties and their two children being within the court's jurisdiction.

The appellant requested and the court filed extended findings of fact and conclusions of law in support of its judgment.

Appellant's points as presented to this Court in protest against the action so adverse to him below, are these:

"First Point: That the Plaintiff in said cause, Ruth Jenkins Burk, did not have Twelve (12) months continuous residence and domicile in the State of Texas prior to filing said suit, as required by Art. 4631, Revised Civil Statutes of Texas 1925, as amended, Vernon's Ann.Civ. art. 4631.

"Second Point: That a Judgment of Divorce entered in favor of Arch Verden Burk, Plaintiff therein, Defendant herein, on or about the 6th day of June, A. D. 1952, by the District Court of the 4th Judicial District of the State of Nevada, and in and for the County of Elko, being Cause No. 7768, in said Court, and styled Arch V. Burk, Plaintiff, vs. Ruth Burk, defendant, is Res Judicata of the issues in this case presented and must be given full faith and credit under Section 1 of Art. IV of the Constitution of the United States of America."

Neither of these presentments, it is determined, should be sustained.

In the first place, they assume as facts controlling features on the facts, which the trial court's stated findings undisputedly showed did not exist; in the second, they assert that the alleged divorce of June 6, 1952, granted by the District Court of Nevada in favor of appellant against the appellee, was binding upon the Harris County District Court, under Section 1, Art. IV, of the United States Constitution, whereas, under the undisputed fact findings of the court below herein, such provision of the United States Constitution was wholly inapplicable.

It is deemed unnecessary to reiterate here the detailed finding of the trial court to the effect that Texas was and had been at all material times prior thereto the permanent and real home of both appellant and the appellee, at the time it so granted the divorce to appellee July 8, 1952; indeed, such finding was based upon the undisputed evidence.

■ It is true that for years prior to such divorce the appellant, having been engaged in construction work, which carried him at times to other states than Texas, where at times his wife and children visited with him temporarily, yet, as the trial court also specifically found, he always returned to the family home in Texas and particularly that in Harris County; wherefore, under well-settled holdings, his legal residence was not in consequence thereof ever changed. Snyder v. Snyder, Tex.Civ.App., 279 S.W. 897; Jones v. Jones, Tex.Civ.App., 176 S.W.2d 784;

Hogue v. Hogue, Tex.Civ.App., 242 S.W. 2d 673.

In like manner, despite such visits with her then husband to other states, the court found that the appellee steadfastly kept up the residence of herself and her children in Texas, and particularly in Harris County at the time it so granted the divorce and custody of the children to the appellee, to such extent that the District Court of that County had retained jurisdiction for all purposes, as against the appellant. Van Dyck v. Van Dyck, Tex.Civ.App., 121 S.W.2d 642; Russell v. Russell, Tex.Civ. App., 199 S.W.2d 858; Williams v. Williams, Tex.Civ.App., 146 S.W.2d 1013; Evans v. Evans, Tex.Civ.App., 186 S.W. 2d 277; Wheelis v. Wheelis, Tex.Civ.App., 226 S.W.2d 224.

■ It, therefore, follows that appellant's Point No. 1 must fall, since the appellee's residential status at all material times brought her cause for the divorce so granted her fully within the requirements of Art. 4631, Revised Civil Statutes of Texas. Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198; Kent v. Kent, Tex.Civ.App., 143 S.W.2d 159; Williams v. Williams, supra; Therwhanger v. Therwhanger, Tex.Civ.App., 175 S.W.2d 704; Wheelis v. Wheelis, supra; Wilson v. Wilson, Tex.Civ.App., 189 S.W.2d 212; Struble v. Struble, Tex.Civ.App., 177 S.W. 2d 279; Bomar v. Bomar, Tex.Civ.App., 229 S.W.2d 859.

■ This brings under review, pursuant to appellant's Point No. 2, his contention that the alleged divorce granted him June 6, 1952, by the District Court of the State of Nevada, against the appellee herein, was res judicata against her, and must be so regarded, pursuant to Section 1, Article IV, of the United States Constitution. Upon that feature also, the trial court made extended findings, which were supported by the undisputed testimony before it, to the boiled-down effect that at no time had the appellant ever been a bona fide resident of, or domiciled in, the State of Nevada; that he went there for the sole purpose of securing a divorce from the appellee, never intending to make that

state his permanent residence; further, that as soon as his mission was accomplished, which had been a fraud upon the courts of Nevada, he left that state, and at the time of the trial of this suit in Harris County, Texas, he was residing in the State of Colorado. Indeed, it found in great detail that the appellant surreptitiously absconded on March 8, 1952, with their children from Texas to Nevada for such purpose alone of getting a divorce from her from the Nevada District Court, which had been issued by such a tribunal, as recited, but that such court made no disposition whatever of the custody of the minor children. Without detailing the circumstances further, it is held by this Court —in confirmation of a like determination by the trial court herein—that the divorce decree so obtained by the appellant in Nevada fell among that well-marked class of such proceedings which may be attacked collaterally, by showing that the court issuing them had no jurisdiction, notwithstanding the full faith and credit clause —that is, Section 1, Article IV, of the United States Constitution.

It may be conceded that such Nevada divorce so granted the appellant was, from its face, presumptively valid; but, as indicated, it remained at least subject to being questioned by the Texas courts, on the grounds of the factual nonresidence of the necessary jurisdictional element—that is, the actual existence of a domicile upon the part of the beneficiary of such divorce in the State of Nevada. Esenwein v. Com. of Pennsylvania, 325 U.S. 279, 65 S.Ct. 1118, 89 L.Ed. 1608, 157 A.L.R. 1396; Cohen v. Cohen, 319 Mass. 31, 64 N.E.2d 689, 163 A.L.R. 362; Reed v. State, 148 Tex.Cr.R. 409, 187 S.W.2d 660.

■ Perhaps it should be added that, as to the custody of the two young minor children here, all of the requisites, to give them the benefit of the trial court's order leaving them in their mother's custody, were present in this instance, as laid down by the Supreme Court of Texas in Ex parte Birmingham, Tex.Sup., 244 S.W.2d 977. In other words, both of these children, along with their mother, not only at all material times had their domicile in the State of Texas, but they were—after she rescued them from the State of Nevada —at all times present in the State of Texas along with her.

These conclusions require an affirmance of the trial court's judgment. It will be so ordered.

Affirmed.