**BRAY et ux. v. WORGUM et al.**

No. 12733.

Court of Civil Appeals of Texas.

Galveston.

June 24, 1954.

Rehearing Denied July 15, 1954.

H. R. Allison, Houston, for appellants.

John Cutler, Houston, for appellees.

GRAVES, Justice.

This appeal is from a judgment of the Court of Domestic Relations for Harris County (which court was created under Art. 2338–5, V.A.T.S.), dated February 1, 1954, the nature of such cause being thus laconically described in appellants' brief herein: "This is a child custody case brought by the appellees against the appellants."

As the appealed-from decree recites, such "child custody case", through a number of procedural matters that were preliminarily eliminated, had gotten down to a dispute between the natural parents of the girl child, Patricia Ann Bray, born September 29, 1950, the parents being Marion Bray and his then wife, Dorothy Bray, who subsequently became Dorothy Worgum.

The appeal involved nothing else, hence it is deemed unnecessary to decide anything else. This Court concludes that the trial court properly exercised the jurisdiction it acquired under the cited statute, that it had the jurisdiction to determine the issue of law it did, and that the record brought up here with its judgment shows that that disposition was fully supported by the evidence it heard as well as the law it so applied thereto.

As the decree further recites, the cause had gotten into the 133rd District Court of Harris County, Texas, through a habeas corpus suit filed there by the appellees here against the appellants here alleging that the appellants were unlawfully holding such minor child through a fraud practiced upon the appellees here and violative of the relationships between them and the appellants here, who had surreptitiously absconded with said female child from the State of Washington to Harris County, Texas, and were withholding her from the rightful custody of her mother, Dorothy Bray Worgum; such appealed-from decree further recites that such habeas corpus cause in the 133rd District Court had been heard and determined by it only "after a proper transfer to this Court from the District Court of

Harris County, Texas, 133rd Judicial District"; such decree contains these further provisions: "It is, therefore,

"Ordered, adjudged and decreed by the court that the care, custody and control of the minor child, Patricia Ann Bray, be and the same is hereby transferred to and awarded to plaintiff, Dorothy Worgum, subject to reasonable rights of visitation in the defendant, Marion Bray.

"The court further finds that the defendant, Marion Bray, has the care, custody and control of the minor child, Jack Lee Bray, and that his present care, custody and control should remain in the said Marion Bray."

■ Such court below filed full Findings of both Fact and Law in support of its appealed-from judgment and this Court can do nothing better, it concludes, than to back up its action with its entire approval. In that connection, it thus restated its final Conclusions of Law:

"I further conclude that, especially in view of the tender years of the child, Patricia Ann Bray, and the nature, character and number of constituent members of the families of the respective parties hereto, that the best interest of the minor child, Patricia Ann Bray, would be served if the care and custody of the said minor child, Patricia Ann Bray, were awarded to the plaintiff herein, Dorothy Worgum.
"/s/ J. W. Mills, Judge."

■ This Court finds it unnecessary to go into the proceedings of the courts in the State of Washington, which the parties have brought into this record, for these, among other, reasons: All parties on both sides of this controversy had, subsequently to the transactions and proceedings theretofore occurring in the State of Washington, removed to and were present in the City of Houston and Harris County, Texas, and had been, including the two children of the contesting litigants, and were, before the court; not only so, but the appellants here had burned all the bridges behind them and had become permanent residents in Harris County according to their own testimony, and the appellees, according to their statements, were at least temporarily resident there and did not have any notion of leaving there unless and until they got what they wanted about the little girl child. Wherefore, it is concluded, under well settled authority in Texas, that the Texas courts have jurisdiction to determine on their own consideration what should be the custody of the children within its borders; indeed, even if the little girl had become a ward of the State of Texas, it would have had the right to control its custody while so within its borders. Burk v. Burk, Tex. Civ.App., 255 S.W.2d 908.

It thus conclusively appears that the able trial judge had jurisdiction over the parties, and the subject-matter, and that its judgment was one he had the statutory power to render, under the pleadings and evidence.

Further discussion is deemed unnecessary, since these conclusions require an affirmance of the trial court's judgment. It will be so ordered.

Affirmed.

HAMBLEN, C. J., not sitting.