W. R. HUGHES, Appellant,

v.

Lilla Long HUGHES, Appellee.

No. 14948.

Court of Civil Appeals of Texas.

Dallas.

Jan. 7, 1955.

Edwin Lacy, Longview, and Fred V. Hughes, Tyler, for appellant.

Earl Roberts, Longview, Wynne & Wynne and William A. McKenzie, Dallas, for appellee.

DIXON, Chief Justice.

Appellant W. R. Hughes filed suit in the 95th District Court of Dallas County, Texas, seeking an injunction to restrain appellee, Lilla Long Hughes, his wife, from further prosecuting a divorce suit previously filed by her in the 124th District Court, Gregg County, Texas. This appeal is from a judgment of the 95th District Court refusing the injunction and dismissing appellant's suit.

Appellee filed her suit for divorce in Gregg County, Texas, on August 24, 1954, alleging that she had been a bona fide inhabitant of the State of Texas for more than twelve months and had resided in Gregg County, Texas, for more than six months next before filing her petition. On August 25, 1954, she was granted a restraining order returnable September 3, 1954, enjoining her husband from harassing, threatening, annoying, or conversing with her, and also enjoining him from selling, withdrawing, encumbering, etc., their property, which she alleged to be of a value in excess of $1,000,000. The husband was also ordered to file within 10 days an inventory of all property accumulated since August 18, 1931, the date of their marriage.

On September 20, 1954, appellant W. R. Hughes filed his answer in the Gregg County divorce suit, which answer consisted of a plea to vacate the restraining order and dismiss the suit, a plea to the jurisdiction and to dismiss, and a plea in abatement and to dismiss—all on the alleged ground that appellee had not resided in Gregg County for six months next preceding the filing of her suit. These pleas were followed by a general denial, addressed to the merits of appellee's suit. In support of appellant's pleas Robert G. Storey, Jr., filed a written appearance and pleading as amicus curiae.

On September 23, 1954, appellee filed her detailed answer to the pleas of appellant and the amicus curiae.

Meantime hearings on the various pleas and applications had been postponed from September 3, 1954, to September 25, 1954. On the latter date the hearings were held. Appellee announced that she did not desire further to prosecute her demand for injunction (which had already been modified) or for an inventory and appraisement "at this time." After hearing the evidence and the argument of counsel the court took the pending matters under advisement; and on September 30, 1954, rendered its judgment overruling appellant's pleas to the jurisdiction, in abatement, and to dismiss, and also rendered judgment dissolving the restraining order and the order for an inventory and appraisement which had been granted at appellee's request. Notice of appeal to the Texarkana Court of Civil Appeals was given by appellant W. R. Hughes and amicus curiae Robert G. Storey, Jr.

All of the above proceedings took place in Cause No. 27,001–B, the divorce suit filed August 24, 1954, by appellee Lilla Long Hughes in the 124th District Court of Gregg County, Texas.

On October 8, 1954, appellant W. R. Hughes filed his suit for injunction in the 95th District Court, Dallas County, Texas, asking that appellee be restrained and enjoined both temporarily and permanently from further prosecuting her divorce suit

against appellant pending in the 124th District Court of Gregg County, Texas, being Cause No. 27,001–B above mentioned. On October 11, 1954, appellee filed her plea in abatement in the Dallas County suit, alleging the pendency of the Gregg County suit in which her residential qualification was an issue to be determined by the 124th District Court, not the 95th District Court of Dallas County. On October 18, 1954, a hearing was held on appellant's application for temporary injunction and appellee's plea in abatement. After considering the pleadings and hearing the evidence and argument of counsel, the 95th District Court of Dallas County refused to grant the temporary injunction requested by appellant, sustained appellee's plea in abatement and dismissed appellant's suit. However the court did make a finding of fact that the appellee Lilla Long Hughes had not resided in Gregg County for six months next preceding the filing of her suit for divorce in the 124th District Court. Both parties gave notice of appeal to this Court but only appellant has prosecuted his appeal.

Appellant has briefed seven points on appeal, but they all stand or fall on the proposition that since the 95th District Court of Dallas County found as a fact that appellee had not resided in Gregg County, Texas, for six months next preceding the filing of her divorce petition in the 124th District Court, the Dallas Court should have enjoined appellee from further prosecuting her suit in Gregg County.

■ We overrule appellant's points on appeal. At the hearing on appellant's pleas to the jurisdiction, in abatement, and to dismiss held in the 124th District Court of Gregg County on September 25, 1954, the Gregg County District Court passed on the issue of the sufficiency of appellee's residence qualifications in a suit involving the same parties who were before the Dallas Court on October 18, 1954. And at such hearing the Gregg County District Court decided said questions adversely to appellant and his contentions. The six months residence prescribed by Art. 4631,

Vernon's Ann.Civ.St., is a plaintiff's qualification in a divorce suit which is properly to be passed on by the court which has prior jurisdiction of the parties and their cause of action. Other courts of co-ordinate authority may not interfere with its action. If the rule were otherwise endless confusion would result from two or more courts entering conflicting orders and judgments affecting the same parties, issues, and causes of action.

Our Supreme Court in Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, at page 1071, quotes with approval this excerpt from the opinion in Maclean v. Speed, 52 Mich. 257, 18 N.W. 396:

"'It is a familiar principle that, when a court of competent jurisdiction has become possessed of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of; and no court of co-ordinate authority is at liberty to interfere with its action. The principle is essential to the proper and orderly administration of the laws; and while its observance might be required on the grounds of judicial comity and courtesy, it does not rest upon such considerations exclusively, but is enforced to prevent unseemly, expensive, and dangerous conflicts of jurisdiction and of process. If interference may come from one side, it may from the other also, and what is begun may be reciprocated indefinitely.'" See also Wheelis v. Wheelis, Tex.Civ.App., 226 S.W.2d 224; Cockburn v. Noxon, Tex.Civ.App., 135 S.W.2d 516; Long v. Long, Tex.Civ.App., 269 S.W. 207.

■ In our opinion the finding by the 95th District Court that appellee had not resided in Gregg County for the six months next preceding the filing of her suit in that county must be considered a nullity in this case. The question of appellee's residence qualification was already before the Gregg County court for consideration and its decision on the question was conclusive as

to the 95th District Court. Brockenborough v. Melton, 55 Tex. 493; Wheelis v. Wheelis, Tex.Civ.App., 226 S.W.2d 224, at page 227.

The judgment of the trial court is affirmed.