## JONES v. JONES.

### No. 11587.

Court of Civil Appeals of Texas. Galveston.

Dec. 9, 1943.

 

Charles M. Mayer, of Houston, for appellant.

No appearance for appellee.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the district court of Harris County, sitting without a jury, granting appellee, Nelson Jones, a divorce from Victoria Jones on the ground of cruel treatment. At the request of appellant, the court prepared and caused to be filed his findings of fact and conclusions of law.

This suit was filed on January 2, 1943. Appellant and appellee were married in 1925. They separated in 1928. The court found that they had not lived together as husband and wife or cohabited since the date of their separation, and that appellant had been guilty of such acts and conduct during the time they were living together as husband and wife as to amount to cruel treatment and to render their further living together as husband and wife unsupportable.

Appellant presents two main questions on appeal: (1) Whether, within the meaning of the divorce laws of this State, appellee had resided in Harris County, where the suit was filed, for six months next preceding the filing of the suit; and (2) whether the court erred in rendering judgment for appellee for the reason that, by his own admission, he had been living in adultery with another woman since his separation from appellant.

As to the question of appellee's residence: Article 4631, Vernon's Ann.Civil Statutes, provides that no suit for divorce shall be maintained in the courts of this State unless the petitioner for such divorce shall, at the time of exhibiting his or her petition, be an actual bona fide inhabitant of this State for a period of twelve months and shall have resided in the county where the suit is filed for six months next preceding the filing thereof. The statute further provides that a citizen of this State who is or has been absent from the State for more than six months in the military or naval services of the United States shall be entitled to sue for divorce in this State and in the county in which such person had his or her residence before entering such service. While the latter provision of said statute has no direct application to this case for the reason that while the record shows that appellee was in the military service of the United States for more than two months of the six months next preceding the filing of this suit, it further shows that he was not absent from the State during that period of time. Our courts, however, have uniformly held that a construction of this statute which would require the petitioner to have lived the entire year in the State or the entire six months in the county before bringing suit would, under certain circumstances, be unreasonable and that an individual who follows a calling which takes him to other states or other counties may be considered a resident of the county to which he returns or intends to return after his business is finished. Snyder v. Snyder, Tex.Civ.App., 279 S.W. 897; Fox v. Fox, Tex.Civ.App., 179 S.W. 883; 15 Tex.Jur., page 538, sec. 76.

The trial court who heard the evidence and had an opportunity of observing the witnesses in this case expressly found that appellee "had actually lived and resided in Harris County, Texas, for about twenty-five years prior to his entering the U. S. Army on September 14, 1942", at which time he was immediately sent to San Antonio, where he had been stationed from the date of his enlistment to the time of the trial, and that "he would have continued to

be physically present" in Harris County after that date if he had not been under orders from the United States Army to remain there.

It follows, we think, that appellee, having enlisted in the military service of the United States and been sent to a county in the State under military orders, and the court having found that he had not abandoned his residence in Harris County, he did not thereby lose his right to institute this suit in Harris County.

The exact question presented under appellant's second point: That the trial court erred in rendering judgment for appellee, for the reason that by his own admission appellee was guilty of living in adultery with another woman subsequent to their separation, has been decided in conformity with appellant's contentions by the Austin Court of Civil Appeals in the case of Franzetti v. Franzetti, 120 S.W.2d 123, where, under a state of facts similar in all material respects to those in the instant case, the court, speaking through Chief Justice McClendon, held that the rule, as stated in 15 Tex.Jur. page 493, Sec. 49, and 9 R.C.L. page 390, Sec. 183, that adultery is generally held to be a complete defense in an action for divorce upon any ground, including that of cruel treatment, was not predicated upon the ground that the guilty plaintiff had committed an act constituting a statutory ground for divorce in favor of defendant, but that the basis thereof was the "general principle of the common law that whoever seeks redress for the violation of a contract resting upon mutual and dependent covenants, to attain success must himself have performed the obligations on his part. * * * The doctrine of recrimination by the defendant as a defense in bar of the plaintiff's relief has been fully established in this country; and though misconduct of the plaintiff, such as adultery, occurs after the commencement of his or her suit, it is fully effective to bar the right to a divorce therein as if it had occurred previous to the commencement of the suit." 9 R.C.L. 387, Sec. 180.

In discussing Vernon's Annotated Civil Statutes, Article 4630, which provides that, "In any suit for divorce for the cause of adultery, if it shall be proved that the complainant has been guilty of the like crime * * * it shall be a good defense and a perpetual bar against said suit; * * * *", the court quoting from the case of Haines v. Haines, 62 Tex. 216, held that this article was "but declaratory of the law as it existed at the time the Revised Statutes were adopted, and must be subject to a like construction, unless there is something in the language of the article itself authorizing a different interpretation. * * *

"As was said in Mattox v. Mattox, supra, (2 Ohio 233, 15 Am.Dec. 547), the plaintiff must come into court with clean hands. We must not offer a bounty to guilt, or 'remove one of the strongest motives to that correctness and chastity of conduct which is necessary to render the marriage state either pleasant or convenient.' "

In the instant case, appellee gave the following testimony: "As to what woman I am living with now, I am living with Maud Osinow. She is living at 1617 Magnolia Street. I am living with her now."

He further testified: "I was in Houston on furlough about the middle of March, 1943. As to whether I spent Saturday and Sunday with Victoria at 3122 Webster Avenue, Houston, Texas, I spent the whole time at 1617 Magnolia Street."

It has been uniformly held that proof that the parties to a divorce action have lived together is, in the absence of a contrary showing, sufficient to raise an inference that they also cohabited, and taken together, these facts are sufficient to establish condonation. Wright v. Wright, 6 Tex. 3; 15 Tex.Jur. 507, Sec. 52. While this presumption is rebuttable by a finding that they did not cohabit, appellee made no attempt to explain his statement that he was living with Maud Osinow, or to deny that he had cohabited with her.

The above facts in the case having been fully developed, the judgment of the trial court must be reversed and judgment here rendered denying the divorce sought by appellee. It is so ordered.

Reversed and rendered.