## RANDLE v. RANDLE.

### No. 11615.

Court of Civil Appeals of Texas. Galveston. Feb. 24, 1944.

Rehearing Denied March 16, 1944.

Charles H. Mayer, of Houston, for appellant.

Henry Greenberg, of Galveston, for appellee.

GRAVES, Justice.

This is a divorce suit. Fred Randle, a soldier in the United States Army, while stationed at Camp Wallace in Galveston County, Texas, as plaintiff, brought it against his wife, Martha D. Randle, as defendant, for a divorce on the ground, among other things, of her alleged three years abandonment of him as her husband.

The case was tried before the court, without a jury, and judgment—on the sole ground of the abandonment—was rendered in favor of plaintiff, granting him a divorce with custody of their minor child to her, from which defendant gave due notice of appeal.

The appeal comes here upon a single question of law, the agreed facts giving rise to it being, in his verbis, these:

"Appellant's (defendant Martha D. Randle's) contention in the trial court, and her sole proposition on this trial, is that appellee (Fred Randle) has not been an actual resident of Galveston County for six months immediately next preceding the filing of his suit for divorce, as contemplated by the statutes and decisions as to what constitutes residence in a divorce suit, and on this question it is agreed that the following facts are undisputed:

"That Fred Randle was born and reared in Washington County, Texas; that he and Martha were married at Brenham, Texas, on the 12th day of October, 1935, and lived together as man and wife at Brenham until on or about the 22nd day of April, 1937, at which time Martha left Fred and went to live with a sister in Houston, Texas; that Fred continued to reside in Washington County until the year 1939, when he moved to Fort Worth, Tarrant County, Texas, with the intent of making said city and county his residence; that he remained in Fort Worth, Tarrant County, Texas until on or about the 3rd day of December, 1941, when he was inducted into the U. S. Army, under the Selective Training and Service Act, 50 U.S.C.A. Appendix, § 301 et seq.; that at all times while living in Tarrant County he claimed said county as his residence and paid his poll tax in said county; that he registered in Tarrant County, under the Selective Service Act, and claimed said county as his residence; that after being inducted into the U. S. Army from Tarrant County on the 3rd day of December, 1941, he was ordered to Camp Wolters, Mineral Wells, Texas, where he stayed until about the 7th day of January, 1942, on which latter date he was ordered to Camp Wallace in Galveston County, Texas, where he was stationed at the time of the filing of this suit on March 24, 1943. On the 28th day of March, 1943, he was ordered to Camp Swift near Bastrop, Texas, at which camp he still remains.

"While stationed at Camp Wallace, in Galveston County, Texas, from the 7th day of January, 1942, until the 28th day of March, 1943, he had no other home than Camp Wallace; that the only times that he slept or ate away from Camp Wallace during this period was on occasional brief furloughs when he would come to Galveston, or go to Houston. When in Galveston overnight on such furloughs he would rent a room. While in Houston on such furloughs he would stay at his aunt's house.

"Fred Randle's stay in Galveston County was occasioned solely by orders of the U.S. Army. He at no time formed an intention of making Galveston County his legal residence. He testified that it is now, and at all times has been, his intention, when discharged from the Army, to return to Fort Worth, Tarrant County."

Appellant, upon the facts thus established, presents this single proposition:

"The court erred in granting a divorce to appellee, for the reason that the evidence conclusively showed that at the time he entered the United States Army, he was a resident, actually as well as legally, of Tarrant County, Texas, and that he was ordered to Galveston County by the military authorities; that at all times after arriving in Galveston County, except some week-ends, he was stationed at Camp Wallace, a government military reservation, and that at no time did appellee indicate—by intention or acts—making Galveston County his place of residence, but did testify that he was in Galveston County only because he was ordered there, and that it was his intention to return to Tarrant County, upon his discharge from the United States Army."

The appellee, in his brief, differs with the appellant only in his insistence that she "had not correctly stated the point on which this appeal is predicated", which, as he views it, "is the correct interpretation of that portion of Article 4631, R.C.S. 1925 [Vernon's Ann.Civ.St. art. 4631], which

provides: 'And shall have resided in the county where the suit is filed for six (6) months next preceding the filing of same.'" But he cites no authority, other than the statute itself, in support of his contrary contention.

■ This court sustains appellant's contention that, upon the established facts and under the supporting authorities she cites, the appellee was conclusively shown not to have resided in Galveston County, where he so filed his suit, for six months next preceding the filing thereof, as required by the quoted statute; it is true he had been staying at the military reservation of Camp Wallace—barring his periodic but brief absences from it—for more than one year prior to instituting his suit in Galveston County, but, by his own testimony and agreement, he had fixed his actual and legal residence at Fort Worth in Tarrant County prior to having so entered the United States Army; having then so determined upon his future residence and implemented it by establishing his intended future home there, after his wife had abandoned him by going from their home at Brenham in Washington County to establish her residence at Houston in Harris County, he had never thereafter, by word or deed, voluntarily changed or swerved from such prior determination to meanwhile keep his residence at Fort Worth and to return there to claim and resume it, immediately upon his discharge from the United States Army, whenever that occurred.

In other words, at no time after first deliberately establishing his actual and intended residence at Fort Worth did he ever thereafter, by intention or acts, indicate any purpose of ever—apart from mere compliance with his Government's order to stay at Camp Wolters and Camp Wallace while that was required of him as a military duty—doing other than to go back to Fort Worth and resume his residence there, at once upon his discharge. His ad interim dwelling at those two army camps was not necessarily a voluntary fixing of his legal residence during those periods, but the performance of the will of his Government as to his whereabouts during his service as a soldier.

Appellant's relied upon authorities are these: Article 4631, R.C.S. 1925, Vernon's Ann.Civ.St. art. 4631; Dodd v. Dodd, Tex.Civ.App., 15 S.W.2d 686; Forsythe v. Forsythe, Tex.Civ.App., 149 S.W. 198; Gallagher v. Gallagher, Tex.Civ.App., 214 S.W. 516; Jones v. Jones, Tex.Civ. App., 176 S.W.2d 784; Lowe v. Lowe, 150 Md. 592, 133 A. 729, 46 A.L.R. 983; Michael v. Michael, 34 Tex.Civ.App. 630, 79 S.W. 74; Morehouse v. Morehouse, Tex.Civ.App., 111 S.W.2d 831; R.C.L., Vol. 9, page 551, sec. 14; Texas Jurisprudence, Vol. 15, Divorce and Separation, Sec's. 71 and 73, pp. 531 and 533; Therwhanger v. Therwhanger, Tex.Civ.App., 175 S.W.2d 704; Warfield v. Warfield, Tex.Civ.App., 161 S.W.2d 533.

■ They make it clear that the purpose and intent of our quoted statute is to require more than a mere temporary abiding of one in a county before empowering him to maintain a suit for divorce there, in that it plainly contemplated that his prescribed six months' prior residence there should be accompanied by his good faith and intention then to remain and permanently and definitely to make that county his home; the cited Forsythe, Michael, and Jones cases, supra, as well as paragraphs 71 and 73 of 15 Texas Jurisprudence, Divorce and Separation, pages 531 and 533, supra, not only make that construction clear, but refer to other authorities so holding.

■ It would seem, moreover, that his induction into the army from his previously established home at Fort Worth on December 3, of 1941, where he had then resided for two and one-half years, changed this appellee's status from that of a civilian to a soldier in the United States Army; and that such induction into the military service did not affect the validity of his already fixed and then-existing domicile at Fort Worth; 9 R.C.L., page 551, sec. 14, supra; Lowe v. Lowe, 150 Md. 592, 133 A. 729, 46 A.L.R. 983, supra.

Without further discussion, it is held that the appellee failed to show such residence within Galveston County for the six months immediately preceding the filing of this suit as to authorize its maintenance there by him, as required by R.S. Article 4631.

The appealed-from judgment will, therefore, be reversed, and the cause dismissed.

Judgment reversed; cause dismissed.