**Jane LeFEBVRE, Appellant,**

v.

**Francis Raymond LeFEBVRE, Appellee.**

No. 7572.

Court of Civil Appeals of Texas, Beaumont.

April 4, 1974.

Martha V. Terry, Legal Aid Society, Austin, for appellant.

Francis R. LeFebvre, Sam L. Jones, Jr., Austin, for appellee.

STEPHENSON, Justice.

This is an appeal from an order of the trial court granting a plea in abatement filed for the state of Texas by the Attorney General, and dismissing plaintiff's divorce action. Findings of fact and conclusions of law were filed by the trial court.

The facts are undisputed. Jane LeFebvre has been a resident of the state of Texas since 1956. She married Francis LeFebvre February 7, 1969, in El Paso where they set up housekeeping. In 1970 both were committed to the Huntsville Unit of the Department of Corrections. She was released in April, 1973 and moved to Austin. He is still serving his term in Huntsville. Jane LeFebvre filed this suit for divorce in Travis County July 9, 1973, and the Attorney General filed a Plea in Abatement which was sustained.

Jane LeFebvre's sole point of error is that the portion of Sec. 3.21 of the Texas Family Code, requiring a petitioner in a divorce case to have been a resident in the county in which the suit is filed for the preceding six-month period, is unconstitutional. It is admitted that she had not been a resident of Travis County for six months before her suit was filed.

The trial court found Sec. 3.21 of the Texas Family Code, requiring county residency for six months prior to the filing of a divorce suit, to be constitutional. We agree.

It is true that when Jane LeFebvre established her residence in Travis County, there was no county in the state in which she could file a divorce suit until she remained in Travis County, or some other county if she moved again, for six months. It is also true that most of the temporary types of relief provided for under the Texas Family Code were not available to her in any other type of action during the six months waiting period.

Effective January 1, 1974, Sec. 3.21 was amended to change the requirements so that now the petitioner must be domiciled

in the state for six months and a resident of the county in which the divorce is filed, ninety days. We hold that such requirements of the old laws, as well as the amended law, are reasonable.

According to appellant's brief, there are only six other states which have county residential requirements of a durational nature, from three months to ten days.

Appellant contends the provisions as to the county residential requirements are unconstitutional as contravening the due process and equal protection clauses of the Fourteenth Amendment, U.S. Constitution. The argument is made that she has no other adequate means for relief other than a suit for divorce and that this requirement denies her access to the only "available dispute settling mechanism." The real basis for such argument is that she has been denied an opportunity to be heard in a timely fashion.

It must be conceded that divorce is a matter of interest to the state, and we do not find the six months requirement to be unreasonable and arbitrary. We find many sound reasons for such requirement, including the following:

(1) A litigant should not be permitted to go shopping for a favorable forum.

(2) Great hardships could result to the spouse (and children) remaining in the former residence, if compelled to travel to the new county residence for hearings and the trial.

(3) The unavailability of the evidence causing and surrounding the separation of the parties.

This section of the Texas Family Code was in issue before the Supreme Court of the United States in Wiley v. Brown, 400 U.S. 915, 91 S.Ct. 178, 27 L.Ed.2d 160, (1970). Chief Judge John R. Brown of the United States Court of Appeals for the Fifth Circuit, responded in part to the mandamus action brought against him as follows:

"I do not believe there is any natural, inalienable, inherent or vested right to a divorce. I find the following quote in 27–A C.J.S. [§ 8] 25 [1959]:

'Divorce is subject to control by the state acting through the legislature; and, subject to constitutional restrictions, divorce depends wholly on statutory provisions.

'While it has been indicated that under the general welfare clause of the constitution of the United States, congress has the power to enact laws affecting the rights of parties in proceedings for absolute divorce, setting forth the grounds, the method, and the basis for divorce, it is generally recognized that each state as a sovereign has a rightful and legitimate concern in the marital status of persons domiciled within its borders, and has jurisdiction over the matrimonial status of its citizens.

'Each state, acting through its legislature, has the exclusive right and power to regulate, control and prescribe and change conditions for divorce of those residing within its territorial limits.

'Since divorce is a privilege existing solely by grant of the legislature, and since there is no natural, inherent, or vested right to a divorce, and since there is no common law governing divorce, it is a rule of general application that, subject to such constitutional limitations as may exist, divorce rests wholly on statutory provisions.'

"It is generally recognized, of course, that divorce is a matter of interest to the state and, without prejudging the matter in any way, it is difficult to see that the six months requirement is unreasonable and arbitrary and has no substantial relation to the interest of the respective states in these matters.

"III. *The Standard of Reasonableness*

"As the distinction here does not involve a 'per se' discrimination regarding race, right to vote or other fundamental rights, the test is whether the distinction bears a reasonable relation to the interests the state seeks to protect. It is not, therefore, one in which the state must show a *compelling* state interest. But even on that score I think the statute is clearly valid."

The judgment of the trial court is affirmed.

KEITH, Justice (concurring).

I do not disagree with the rationale or the holding of the majority opinion; I simply do not reach the question discussed therein. The question was moot and has been moot since the very day the record was filed in the office of the Clerk of the Court of Civil Appeals, Third Supreme Judicial District of Texas.[1]

Plaintiff's original petition was filed on July 9, 1973, and she alleged that she had been a resident of Travis County for two months immediately preceding the filing of her petition. Had her lawyer gone by the District Clerk's office in Austin on November 12, 1973, with a new petition for divorce, plaintiff could have invoked the plenary jurisdiction of the District Court of Travis County to procure all primary and ancillary relief to which she was entitled.

Instead, on that date and at a time when plaintiff had been a resident of Travis County for more than six months, according to her own allegations, her counsel filed the transcript in the Court of Civil Appeals. Even if the trial court erred in sustaining the plea in abatement,[2] the question was moot on the day the case reached the appellate court.

In Tigner v. First Nat. Bank of Angleton, 153 Tex. 69, 264 S.W.2d 85, 88 (1954), Chief Justice Hickman, quoting from a text, said:

" 'One of the most firmly established doctrines in the field of constitutional law is to the effect that a court will pass upon the constitutionality of a law only when necessary to the determination upon the merits of the cause under consideration. The constitutionality of a statute will not be considered and determined by the courts as a hypothetical question, because constitutional questions are not to be dealt with abstractly or in the manner of an academic discussion.' "

As was said in Freeman v. Burrows, 141 Tex. 318, 171 S.W.2d 863 (1943): "When a cause becomes moot on appeal, all previous orders and judgments should be set aside and the cause, not merely the appeal, dismissed." (citations omitted) See also, Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460 (1952); Guajardo v. Alamo Lumber Co., 159 Tex. 225, 317 S.W.2d 725 (1958); Blanton v. City of Houston, 163 Tex. 224, 353 S.W.2d 412 (1962); Lund v. Alanis, 384 S.W.2d 123 (Tex.1964).

I would set aside the prior order of the district court and dismiss the cause.

1. The case has been transferred to this court under an order of the Supreme Court equalizing the dockets of the several Courts of Civil Appeals.

2. The Attorney General did not ask for a dismissal of the suit in its entirety; he simply sought to dismiss the constitutional challenge to the county residency requirement. The trial court dismissed the suit without prejudice. See and compare Life Ass'n of America v. Goode, 71 Tex. 90, 8 S.W. 639, 640 (1888), cited with approval in Texas Highway Department v. Jarrell, 418 S.W.2d 486, 488 (Tex.1967).