In the Matter of the MARRIAGE OF Eugene F. EARIN and Jimmie Lee Earin.

No. 16448.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 27, 1975.

Sam Bass, Jr., Freeport, for appellant.

PEDEN, Justice.

Appeal from the dismissal of a divorce action for want of jurisdiction. The appellant is an inmate of the Texas Department of Corrections and had been confined in the Retrieve unit in Brazoria County for more than a year before filing his divorce petition. Appellee resides in Louisiana.

The appellant testified that he had resided in Bexar County before his incarceration, intended to return there upon his re-

lease and has never intended to make Brazoria County his residence. For this reason the trial court dismissed this case on the ground that the residency requirement of Section 3.21 of the Vernon's Ann.Texas Family Code was not met. Section 3.21 was amended in 1973 and now states:

"No suit for divorce may be maintained unless at the time suit is filed the petitioner or the respondent has been a domiciliary of this state for the preceding six-month period and a resident of the county in which the suit is filed for the preceding ninety-day period."

Therwhanger v. Therwhanger, 175 S.W. 2d 704, 707 (Tex.Civ.App.1943, no writ), held that the term "resident" used in the statute (then Article 4631, Vernon's Ann. Texas Civil Statutes) means a bona fide inhabitant of the county where the suit was filed. See also Hagle v. Leeder, 442 S.W.2d 908 (Tex.Civ.App.1969, no writ) and Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 363. Randle v. Randle, 178 S.W.2d 570, 572 (Tex.Civ.App. 1944, no writ), was a suit in which the plaintiff testified that he intended to go back to Tarrant County to live as soon as he could do so. We held that he was not authorized to bring a divorce action in Galveston County, where he was then stationed, pointing out:

" . . . the purpose and intent of our quoted statute is to require more than a mere temporary abiding of one in a county before empowering him to maintain a suit for divorce there, in that it plainly contemplated that his prescribed six months' prior residence there should be accompanied by his good faith and intention then to remain and permanently and definitely to make that county his · home; . . . ." (citations omitted).

It is clear from the appellant's testimony that he has had no intention and does not have any present intention to make Brazoria County his residence. We do not agree with his position that the statutory provision is no longer mandatory because of its modification from "No divorce *shall* be maintained unless . . . " to "No divorce *may* be maintained unless . . . " The policy stated in Randle is still applicable today. We conclude that the changing of "shall" to "may" in Section 3.21 merely shows a recognition of the fact that the statute is not jurisdictional but is only a condition to obtain the relief sought.

This is not to say that a prisoner who is domiciled in the State of Texas could not become a resident of the county where he is incarcerated if he intends to be an inhabitant of that county permanently. On the other hand, it was stated in Therwhanger v. Therwhanger, supra, that if a bona fide inhabitant of this state for twelve months or more, who has begun a residence in a particular county more than six months next preceding the filing of his suit in that county for divorce, should be incarcerated in prison in another county, for part or all of six months next preceding the filing of the suit (time requirements as then provided by Art. 4631), he could, nevertheless, maintain such suit. Thus an inmate may still be able to maintain a divorce in the county where he was residing when he was sentenced if he has not abandoned his residence there. See also Jones v. Jones, 176 S.W.2d 784 (Tex.Civ.App. 1943, no writ).

Since Brazoria County was not the appellant's residence for 90 days preceding the filing of his petition, the trial court did not err in holding that he may not obtain a divorce there.

Affirmed.