OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



August 11, 1999

The Honorable David P. Weeks
Walker County Criminal District Attorney
P.O. Box 1659
Huntsville, Texas 77342

Opinion No. JC-0094

Re: Whether a district clerk may, pursuant to court order, decline to file divorce petitions of inmates who attempt to satisfy the county residency requirement of section 6.301 of the Family Code based on time served in prison (RQ-0020)

Dear Mr. Weeks:

Section 6.301 of the Family Code provides that a suit for divorce may not be maintained unless either the petitioner or the respondent has been "a resident of the county in which the suit is filed for the preceding 90-day period." TEX. FAM. CODE ANN. § 6.301(2) (Vernon 1998). You ask whether a district clerk may, pursuant to court order, decline to file divorce petitions "where the residency requirement is based on time served in prison." Letter from Honorable David P. Weeks, Criminal District Attorney, Walker County, to Honorable John Cornyn, Attorney General (Jan. 22, 1999) (on file with Opinion Committee). We understand that there is no such court order currently in effect. Generally, a district clerk's authority to file pleadings is ministerial rather than discretionary. A district clerk is not authorized to refuse to file inmate divorce petitions. While a district judge may have the authority to order a district clerk to refuse to file inmates' divorce petitions, there may be constitutional and practical limitations for such an order. However, a carefully crafted administrative order implementing procedures to identify and dismiss unmaintainable inmate divorce petitions on an expedited basis would pass constitutional muster.

We begin with a brief review of the residency requirement, relevant case law, and related statutes. Section 6.301 of the Family Code provides that a suit for divorce may not be maintained in this state unless either the petitioner or the respondent has been a domiciliary of Texas for the preceding six months and "a resident of the county in which the suit is filed for the preceding 90-day period." TEX. FAM. CODE ANN. § 6.301 (Vernon 1998). A version of this residency requirement

has been in effect since 1873,[1] although the duration of the residency periods has been shortened over time.[2]  Section 6.301 is a 1997 codification of former section 3.21 of the Family Code.[3]

Courts have construed the county residency requirement to require "'an actual, physical, continuous living in the county of suit by one of the parties for the period specified, coupled with a good-faith intent to make that county home.'" *Cook v. Mayfield*, 886 S.W.2d 840, 842 (Tex. App.–Waco 1994, no writ) (quoting *Beavers v. Beavers*, 543 S.W.2d 720, 721 (Tex. Civ. App.–Waco 1976, no writ)).  The requirement is not jurisdictional, but deals with the right to maintain suit.  *See id.* at 841; *McCaskill v. McCaskill*, 761 S.W.2d. 470, 472 (Tex. App.–Corpus Christi 1988, writ denied).  It prescribes a qualification that must be met before the trial court is authorized to grant a divorce.  *McCaskill*, 761 S.W.2d. at 472 (citing cases).  Because the residency requirement protects the interests of the state as well as the parties, it cannot be waived.  *See Berry v. Berry*, 612 S.W.2d 213, 216 (Tex. Civ. App.–Beaumont 1980, writ dism'd).  The proper method for a party to contest residency is through a plea of abatement.  *Cook*, 886 S.W.2d at 841.  It appears that a court may dismiss a divorce action *sua sponte* on the grounds that the residency requirement is not met.  *See, e.g., In re Marriage of Earin,* 519 S.W.2d. 892 (Tex. Civ. App.–Houston [1st Dist.] 1975, no writ).

We have found only one judicial opinion applying the county residency requirement to a prison inmate, *In re Marriage of Earin*.  This case does not suggest that an inmate will never be able to maintain a divorce action in the county of incarceration.  Rather, it suggests that in some cases an inmate may be able to prove residency in the county where he or she is incarcerated and establish the right to maintain a divorce action in that county.

In *In re Marriage of Earin*, an appellate court considered the trial court's dismissal of a divorce action filed in Brazoria County by an inmate of a state prison located in that county who had been incarcerated for a period of time exceeding the length of the county residency requirement established by former section 3.21 of the Family Code.  *See id.* at 892.  The inmate's wife was a resident of Louisiana.  *Id.*  The trial court dismissed the action based on the inmate's testimony that he had resided in Bexar County prior to his incarceration, intended to return to Bexar County upon his release, and never intended to make Brazoria County his residence.  *See id.* at 892-93.  After opining that the county residency requirement for divorce actions "'require[s] more than a mere temporary abiding of one in a county'" and that a party's physical presence in a county must be "'accompanied by his good faith and intention then to remain and permanently and definitely to make that county his home,'" *id.* (quoting *Randle v. Randle*, 178 S.W.2d 570, 572 (Tex. Civ.

---

[1]Act approved May 27, 1873, 13th Leg., ch. 74, § 1, 1873 Tex. Gen. Laws 117, *reprinted in* 7 H.P.N. GAMMEL, THE LAWS OF TEXAS 1822-1897, at 569 (Austin, Gammel Book Co. 1898).

[2]Former section 3.21 of the Family Code was amended, effective January 1, 1974, to shorten the state domiciliary requirement from one year to six months and the county residency requirement from six months to ninety days. *See* Act of May 28, 1973, 63d Leg., R.S., ch. 577, § 13, 1973 Tex. Gen. Laws 1596, 1603.

[3]*See* Act of Apr. 3, 1997, 75th Leg., R.S., ch. 7, §§ 1 (enacting title 1 of the Family Code), 3 (repealing former title 1 of the Family Code), 1997 Tex. Gen. Laws 8, 43.

App.–Galveston 1944, no writ)), the court affirmed the dismissal on the basis of the inmate's testimony, stating "It is clear from the appellant's testimony that he has had no intention and does not have any present intention to make Brazoria County his residence." *Id.* But while noting that this inmate's testimony established that he was not a bona fide resident of Brazoria County, the court went on to observe that an inmate *could* become a resident in the county where he is incarcerated if he intends to reside there permanently. *See id.* ("This is not to say that a prisoner who is domiciled in the State of Texas could not become a resident of the county where he is incarcerated if he intends to be an inhabitant of that county permanently.") The court also suggested that an inmate may be able to maintain a divorce action in the county where he or she resided at sentencing if he or she has not abandoned residence there. *See id.* at 893.

The enactment of other statutes making provision for state and county residency in special circumstances, *see* TEX. FAM. CODE ANN. §§ 6.303, .304 (Vernon 1998), suggests that when the legislature intends to authorize a person to maintain a divorce action based on temporary abiding alone, it will do so expressly. Section 6.304 of the Family Code, for example, establishes that a person serving in the United States armed forces who is stationed at a military installation in Texas is considered a Texas domiciliary and resident of the county where he or she is stationed for purposes of maintaining a divorce action. Because there is no analogous statute for inmates, we believe that the legislature did not intend to provide for county residency based solely on time served in prison.

With respect to inmates, section 15.019 of the Civil Practice and Remedies Code, a mandatory venue statute, provides in subsection (a) that "an action that accrued while the plaintiff was housed in a facility operated by or under contract with the Texas Department of Criminal Justice shall be brought in the county in which the facility is located." TEX. CIV. PRAC. & REM. CODE ANN. § 15.019(a) (Vernon Supp. 1999). It provides in subsection (c) that "[t]his section does not apply to an action brought under the Family Code." *Id.* § 15.019(c). Subsection (c) operates to exclude Family Code actions brought by inmates from the mandatory venue provision established by subsection (a). Subsection (c) does not foreclose the possibility that an inmate may be able to prove residency in the county where he or she is incarcerated in order to maintain a divorce action under section 6.301 of the Family Code.

In sum, although county residency for purposes of section 6.301 of the Family Code may not generally be based on a temporary abiding, such as time served in prison, in some cases an inmate incarcerated in the county may be able to establish county residency based on his or her residency in the county prior to incarceration or intention "to be an inhabitant of that county permanently." *See In re Marriage of Earin,* 519 S.W.2d. at 893. In addition, in some cases an inmate may be married to a person who is a county resident and therefore may be able to maintain a suit on that basis. *See* TEX. FAM. CODE ANN. § 6.301 (Vernon 1998) (county residency requirement must be satisfied by either petitioner or respondent). Thus, while we agree that "residency may not be accrued while serving time in prison," Brief from Kay Douglas, Assistant Criminal District Attorney, to Honorable John Cornyn, Attorney General 2 (Feb. 5, 1999) (on file with Opinion Committee), it

is not the case that every inmate serving time in the county is necessarily precluded from maintaining a suit for divorce in the county.

With this background, we turn to your query: whether a district clerk may, pursuant to court order, decline to file divorce petitions of inmates who attempt to satisfy the county residency requirement for maintaining divorce actions based on time served in prison. We assume that the district clerk would determine that time served in prison is the sole basis for residency from the face of an inmate's initial divorce petition.

Generally, a district clerk has no discretionary authority to refuse to file a petition. *See* TEX. R. CIV. P. 24 ("When a petition is filed with the clerk he shall indorse thereon the file number, the day on which it was filed and the time of filing, and sign his name to officially thereto."); *see also* Tex. Att'y Gen. Op. No. H-1155 (1978) at 2 (duty of clerk of trial court under rules of civil procedure to file pleadings is ministerial, not discretionary) (citing *Wagner v. Garrett*, 269 S.W. 1030 (Tex. 1925), and *Benge v. Foster*, 47 S.W.2d 862 (Tex. Civ. App.–Amarillo 1932, writ ref'd)). We are not aware of any statute or rule authorizing a district clerk to refuse to file inmate divorce petitions, and therefore conclude that a district clerk lacks such authority.

You indicate that the district clerk would refuse to file the petitions pursuant to court order. Again, we understand that there is no such court order currently in effect. An attorney general opinion is not binding on a court. *See Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 82 (Tex. 1997) ("While Attorney General's opinions are persuasive they are not controlling on the courts."). For this reason, were such an order in effect, this office would not review it. In the absence of such an order and in the interests of providing a complete response to your query, we respectfully offer the following comments.

A district judge has the authority to issue an administrative order regarding a district clerk's duty to file divorce petitions. *See* TEX. GOV'T CODE ANN. §§ 21.001 (Vernon 1988 & Supp. 1999) (inherent power of courts); 74.093 (Vernon 1998) (district judges authorized to adopt local rules of administration); *see also Stokes v. Aberdeen Ins. Co.*, 917 S.W.2d 267, 268 (Tex. 1996) (per curiam) ("The [district] clerk is an officer of the court subject to the court's direction and control in exercising ministerial duties such as filing documents") (citing *Ex parte Hughes*, 759 S.W.2d 118, 119 n.1 (Tex. 1988), and *Moore v. Muse*, 47 Tex. 210, 215 (1877)). But a blanket order directing the district clerk to refuse to file inmate divorce petitions in which county residency appears to be based on time served in prison would raise constitutional and practical concerns.

Federal courts have recognized that inmates have a constitutional right to reasonable access to the courts. *See, e.g., Bounds v. Smith*, 430 U.S. 817 (1977); *Corpus v. Estelle*, 551 F.2d 68, 70 (5th Cir. 1977) (Due Process Clause of the Fourteenth Amendment assures that prisoners be granted reasonable access to the courts). This is particularly true of actions, like divorce proceedings, in which a fundamental interest is at stake, *see Corpus*, 551 F.2d at 70; *see also Boddie v. Connecticut*,

401 U.S. 371, 376 (1971) (divorce action implicates fundamental interest).[4] While we have not been able to locate a Texas state court case addressing this issue,[5] courts of other states have recognized that inmates have a constitutional right of access to courts for the purpose of filing divorce actions and other proceedings relating to family matters. *See, e.g., Whitney v. Buckner*, 734 P.2d 485, 488 (Wash. 1987) ("a prisoner's due process right of access to the courts includes the right to bring actions for dissolution of marriage and for related matters"); *Hall v. Hall*, 341 N.W.2d 206, 208-09 (Mich. App. 1983) ("a prisoner . . . has a due process right of reasonable access to the courts for the purpose of obtaining a divorce"). The Texas Legislature appears to have taken this right into account in drafting chapter 14 of the Civil Practices and Remedies Code, which authorizes a court to impose reasonable limitations on inmates' access to courts, *see, e.g,* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.003 (Vernon Supp 1999) (authorizing courts to dismiss frivolous inmate claim if court makes certain findings), 14.004 (requiring inmate to file affidavit identifying previous suits filed), but which expressly excludes actions brought under the Family Code, such as a divorce action, from its scope, *see id.* §§ 14.002(b) ("This chapter does not apply to an action brought under the Family Code."), 14.004(a)(1) (requirement that inmate file affidavit identifying previous suits does not apply to previous suits brought under Family Code).

Additionally, a blanket order authorizing a district clerk to decline to file inmates' divorce petitions solely on the basis of their initial pleadings could deny court access to legitimate claims. Whether a party is a bona fide county resident, *i.e.*, he or she resided in the county before incarceration and has not abandoned that residence or intends in good faith to remain in a county and make it home, is a question for a trier of fact. *See In re Marriage of Earin*, 519 S.W.2d. at 893 (county residency for purposes of maintaining a divorce action requires both party's physical presence and "good faith and intention then to remain . . . and make that county his home"). In some cases, an inmate may be able to convince the court he or she is a county resident. *See id.* ("This is not to say that a prisoner who is domiciled in the State of Texas could not become a resident of a county where he is incarcerated if he intends to be an inhabitant of that county permanently.") Furthermore, section 6.301 of the Family Code provides that either the petitioner *or the respondent* may satisfy the county residency requirement. *See* TEX. FAM. CODE ANN. § 6.301 (Vernon 1998). The fact that an inmate's spouse resides in the county may not be apparent from the inmate's initial petition.

---

[4] *But see In re M.M.*, 980 S.W.2d 699, 700 (Tex. App.–San Antonio 1998, no pet.) ("While a prisoner has a constitutional right of access to the courts, . . . prisoners have no absolute right to appear personally at civil proceedings.") (citing *Nance v. Nance*, 904 S.W.2d 890, 892 (Tex. App.–Corpus Christi 1995, no writ)).

[5] In *LeFebvre v. LeFebvre*, 510 S.W.2d 29 (Tex. Civ. App.–Beaumont 1974, no writ), the court rejected the claim of a woman who had recently been released from prison who claimed that the predecessor to section 6.301 of the Family Code violated her rights under the due process and equal protection clauses of the Fourteenth Amendment by precluding her from filing a divorce action following her release for the duration of the residency period. The appellant was not an inmate at the time she filed the challenge and we do not believe this case is relevant to an inmate's right to file a divorce proceeding.

In sum, given the constitutional issues involved and the practical difficulty of assessing whether an inmate may be able to establish county residency from the face of a divorce petition, we question the advisability of a blanket order directing the district clerk to refuse to file inmate divorce petitions in which the residency requirement appears to be based on time served in prison. On the other hand, because "[p]risoners possess no constitutionally-protected right to file frivolous lawsuits," *Hicks v. Brysch*, 989 F. Supp. 797, 821 (W.D. Tex. 1997) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310-13, 316 (5th Cir. 1997)), we believe that a carefully crafted administrative order implementing procedures to identify and dismiss unmaintainable inmate divorce petitions on an expedited basis would pass constitutional muster. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (Vernon Supp. 1999) (authorizing a court to dismiss frivolous inmate claim if court makes certain findings); *see also Hicks*, 989 F. Supp. at 822 (holding that procedural prerequisites of TEX. CIV. PRAC. & REM. CODE ANN. ch. 14 do not impermissibly restrict inmates' right to court access); *Thomas v. Wichita Gen. Hosp.* 952 S.W.2d 936 (Tex. App.–Fort Worth 1997, pet. denied) (upholding constitutionality of TEX. CIV. PRAC. & REM. CODE ANN. § 14.004).

## S U M M A R Y

A district clerk is not authorized to refuse to file inmate divorce petitions. A district judge may have the authority to order a district clerk to refuse to file inmate divorce petitions that attempt to satisfy the county residency requirement of section 6.301 of the Family Code based on time served in prison, but a blanket order authorizing a district clerk to decline to file such divorce petitions would raise constitutional concerns and may be impracticable given that in some cases an inmate may be able to establish that he or she is a bona fide resident of the county. However, a carefully crafted administrative order implementing procedures to identify and dismiss unmaintainable inmate divorce petitions on an expedited basis would pass constitutional muster.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee