NO. 12-01-00206-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JOHNNY RODRIGUEZ,
§
 APPEAL FROM THE 349TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


GRACIE ANN RODRIGUEZ,

APPELLEE
§
 ANDERSON COUNTY, TEXAS

 

PER CURIAM


 Appellant Johnny Rodriguez filed for divorce from his wife, Gracie Ann Rodriguez, in
Anderson County, where he is incarcerated by the Texas Department of Criminal Justice-
Institutional Division. In his petition, he alleged that he had lived in Anderson County for the
preceding ninety days, and in the State of Texas for the preceding six months. The trial court sua
sponte dismissed the divorce action because Johnny was not a resident of Anderson County. We
affirm the trial court's dismissal.

 According to Subtitle C, Chapter 6 of the Texas Family Code, 


 A suit for divorce may not be maintained in this state unless at the time the suit is filed either the
petitioner or the respondent has been:


 (1) a domiciliary of this state for the preceding six-month period; and

 (2) a resident of the county in which the suit is filed for the preceding 90-day period. 

 


Tex. Fam. Code Ann. § 6.301 (Vernon Supp. 2002). This residency requirement has been defined
as a physical presence in a county, accompanied by a good faith intention to remain and permanently
and definitely make that county his home. Randle v. Randle, 178 S.W.2d 570, 572 (Tex. Civ. App.-
Galveston 1944, no writ). According to In re Marriage of Earin, 519 S.W.2d 892 (Tex. Civ. App.-
Houston [1st Dist.] 1975, no writ), there is no reason that an inmate may not maintain a divorce
action in the county where he is imprisoned. But, as with any other petitioner, he must intend to
reside in that county permanently after his release from prison. Id. at 893.

 In this case, the trial court required Johnny to complete a questionnaire. The court asked him
three pertinent questions: 1) prior to his incarceration in Anderson County, where did he live and for
how long; 2) the address of any residence in Anderson County where he resided before he was
incarcerated; and 3) where he intended to reside after he was released from prison. Johnny
responded that before he came to Anderson County, he was an inmate at the Ferguson Unit in
Midway, that he had never resided in Anderson County before he was incarcerated there, and that
he intended to move to Houston when he was released. Based upon these answers, Johnny was
clearly not a resident of Anderson County. Consequently, the trial court did not err when it
dismissed the divorce suit for Johnny's failure to comply with section 6.301 of the Texas Family
Code.

 Accordingly, we affirm the trial court's judgment of dismissal.




Opinion delivered February 28, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.













(DO NOT PUBLISH)