Affirmed and Memorandum Opinion filed August 5, 2003














Affirmed and
Memorandum Opinion filed August 5, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00875-CV

_______________

 

WILBUR KEITH
GRIMES, Appellant

 

V.

 

LOIS ANN McFARLAND, Appellee

____________________________________________

 

On Appeal from
the 311th District Court

Harris County, Texas

Trial Court
Cause No. 01-19454

____________________________________________

 

M E M O R A N D U M   O P I N I O
N

            Appellant, Wilbur Grimes, appeals
the dismissal of his motion to modify child support and the special appearance
granted to appellee, Lois McFarland.  In a single issue, appellant contends the
trial court erred in dismissing his motion to modify child support for lack of
jurisdiction.  We affirm. 

Facts

            McFarland and Grimes divorced after
Grimes was indicted for sexually assaulting their minor, female child.  On May 5, 2001, they signed an Agreed Final Decree of Divorce.  On the same day, McFarland and the child
moved to Kansas.  The trial court then signed and entered the
divorce decree on June 18,
 2001.  McFarland traveled
from Kansas to appear
for the uncontested June divorce hearing. 
Grimes traveled to Tennessee, although
there were several outstanding warrants for his arrest in Texas.  While in Tennessee, on November 26, 2001, Grimes
filed a Motion to Modify the Parent-Child Relationship in Harris County,
contesting child support and custody.  He
never served McFarland with a copy of his motion.  Thereafter, while confined within a Texas jail,
Grimes amended his motion and served McFarland in Kansas on January 28, 2002.  

            On February 26, 2002, McFarland filed a special
appearance and her answer, alleging that she lived in Kansas, had no
contact with Texas, and
Grimes was now a resident of Tennessee.  An evidentiary hearing before an associate
judge was held on April 5,
 2002.  At the hearing,
McFarland agreed to abate Grimes’s obligation to pay
child support during the pendency of the criminal
case.  The judge sustained her special
appearance as to child support only. 
However, Grimes appealed the associate judge’s ruling and requested a
hearing de novo on all special appearance issues.  On May 2, 2002, following a hearing before
the presiding judge of the 311th District Court, McFarland’s special appearance
was sustained.  The court, inter alia, rendered the following Finding of Fact: “neither the
child (CKG) nor either of (her) parents presently reside in the State of Texas or have a
significant connection with the State of Texas.”  The court also rendered the following
Conclusion of Law:  “this court has no personal
or subject matter jurisdiction.”  The
court issued an order ruling that it did not have jurisdiction or, in the
alternative, declining to exercise jurisdiction under section 152.28 of the
Family Code.

            In four sub-issues appellant argues
that (1) appellee waived her special appearance; (2)
under the Family Code, Texas retained
exclusive jurisdiction; (3) he was a resident and domiciliary of Texas; and (4) appellee was barred from “going behind” the divorce decree.


 

Waiver

            During the April 5, 2002 special
appearance hearing before an associate judge, McFarland asked the court to
enter temporary orders abating Grimes’s child support
obligations.  In one of his sub-issues,
Grimes contends that McFarland waived her special appearance when she agreed that
he was not obligated to pay child support during the pendency
of his aggravated sexual assault case.  Generally, a party waives a special appearance
if it seeks affirmative relief or invokes the trial court’s jurisdiction on any
question other than the court’s jurisdiction before the trial court rules on
the special appearance.  Dawson-Austin v. Austin, 968
S.W.2d 319, 322 (Tex. 1998).  In
this case, however, the court had already ruled on the special appearance.  The associate judge ruled that Kansas had
jurisdiction over the custody issue and that Texas would
retain jurisdiction over all support issues. 
Based on the court’s ruling, and still subject to her special
appearance, McFarland then asked to abate Grimes’s
child support obligations pending final disposition of his criminal case.  Because the court ruled on the special
appearance before McFarland offered or agreed to abate child support payments,
we find she did not waive her special appearance.  Id. 

Special Appearance

            In Grimes’s
remaining sub-issues, he challenges the trial court’s decision to grant
McFarland’s special appearance.[1]  When the trial court enters
findings of fact and conclusions of law following the grant of a special
appearance, we review findings of fact for sufficiency of the evidence and
conclusions of law de novo.  See Linton v. Airbus Industrie,
934 S.W.2d 754, 757 (Tex. App.—Houston [14th Dist.] 1996, writ denied).  In conducting our review, we consider all of
the evidence that was before the trial court, including the pleadings, any
stipulations, affidavits and exhibits, the results of discovery, and any oral
testimony.  BHP de Venezuela, C.A. v. Casteig, 994
S.W.2d 321, 326 (Tex. App.—Corpus Christi 1999, pet. denied) (op. on reh’g).

A.  Residency of McFarland and the Child

            The Uniform Interstate Family
Support Act (“UIFSA”) addresses jurisdiction between competing states involving
matters of child support.  See Tex.
Fam. Code Ann. § 152.001 - 159.902 (Vernon Supp.
2001).  UIFSA provides: 

(a) A tribunal of this state issuing a support order consistent with
the law of this state has continuing, exclusive jurisdiction over a child
support order:

(1) as long as this state remains the residence of the obligor, the
individual obligee, or the child for whose benefit
the support order is issued

 

Tex. Fam. Code Ann. §
159.205(a)(1) (Vernon Supp.
2001).

            Under UIFSA, the trial court retains
jurisdiction if either the child, McFarland, or Grimes remained a resident of Texas.  During the special appearance hearing,
McFarland testified she and the child moved to Kansas in May
2001, after she signed the Agreed Divorce Decree.  She returned to Texas only once,
in June 2001, to prove up the uncontested divorce.  There was also testimony that the child had
firmly established relationships with physicians, counselors, and her
school.  According to McFarland’s
testimony, she and the child did not have any contact with Texas after June
2001.  This evidence was undisputed, and
Grimes has not challenged any of the trial court’s findings of fact regarding
their residency.[2]  Unchallenged findings of fact are binding on
the appellate court unless the contrary is established as a matter of law or
there is no evidence to support the trial court’s findings.  See London v. London, 94 S.W.3d
139, 149 (Tex. App.—Houston [14th
Dist.] 2002, no pet.).  Because Grimes
made no challenge to the trial court’s findings regarding McFarland’s and the
child’s residency, we are bound by those findings.  Id.  Therefore, we need only review the challenged
findings as to Grimes’s residency. 

B.  Residency of Grimes

            Grimes is currently serving a
twenty-two year prison sentence in Texas.  He filed his amended Motion to Modify while
incarcerated in Harris County.  Section 159 of the Family Code does not
define residency; however, residency has been defined in other family law
contexts.  For example, a requirement to
file for divorce under Chapter 6 of the Family Code, is residency in the county
in which suit is filed for the preceding 90-day period.  Tex. Fam. Code Ann. § 6.301 (Vernon Supp.
2003).  In that context, residency has
been defined as  physical presence in a
county, accompanied by good faith intent to remain permanently and definitely
make that county one’s home.  Randle v. Randle, 178 S.W.2d 570, 572
(Tex. Civ. App.—Galveston 1944, no writ); see also Vickery v. Comm’n
for Lawyer Discipline, 5 S.W.3d 241, 262 (Tex. App.—Houston [14th Dist.]
1999, pet. denied).  Further, there is no
reason an inmate cannot file for divorce in the county where he is imprisoned;
but he must intend to reside in that county permanently after his release from
prison.  In re Marriage of Earin,
519 S.W.2d 892, 893 (Tex. Civ. App.—Houston [1st
Dist.] 1975, no writ).  By analogy, for Texas to be a
state of residence, a party should have actual, physical presence in the state
coupled with a good faith intent to make Texas home.  For an inmate to establish residency in Texas, he or she
must intend in good faith to reside here permanently after release from prison.

            In this case, the trial court entered
findings of fact that Grimes was a resident of Texas only while
involuntarily incarcerated and that when he had the freedom to choose where to
reside, it was not Texas.  The evidence shows that Grimes physically
lived in Memphis, Tennessee with his sister
after leaving Texas in
September 2001.  He left Tennessee in
December 2001 and turned himself in at the Harris County jail.  Upon posting bond, he immediately returned to
Tennessee.  Grimes filed his Motion to Modify from Tennessee.  Finally, he advised the Harris County
Criminal Court that he no longer resided in Texas.  We will reverse the trial court’s findings
for factual insufficiency only where they are “so against the great weight and
preponderance of the evidence as to be manifestly erroneous or unjust.”  Cartlidge v. Hernandez,
9 S.W.3d 341, 346 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (citing In re King’s Estate, 150 Tex. 662, 244
S.W.2d 660, 661 (1951)).  We have
reviewed the record, and we find there was sufficient evidence to support the
trial court’s finding that Grimes was not a resident of Texas. 

Conclusion

            Because Grimes did not challenge the
findings as to the residence of the child and McFarland; and because there is
sufficient evidence supporting the trial court’s finding that Texas was not Grimes’s place of residence, we hold that the trial court
did not err in granting the special appearance. 
Accordingly, we overrule Grimes’s single issue
and affirm the trial court’s order.

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed August 5, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

 











            [1]  Grimes has limited his appeal to the special
appearance granted on the child support issue.





            [2]  Grimes contends McFarland is collaterally estopped from denying her Texas residency
because of averments in the divorce decree. 
To the extent such an argument is a challenge to the trial court’s
findings, it is only a challenge up to the date of divorce.  It does not cover findings of residency after the date of divorce.  Further, collateral estoppel
is an affirmative defense that must be pleaded or it is waived.  Tex.
R. Civ. P. 94. 
Because Grimes failed to plead collateral estoppel,
he waived the issue on appeal.