NO. 12-03-00225-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




FELIPE PINALES GONZALES,
§
 APPEAL FROM THE 87TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


CARMEN LIONOR GONZALES,

APPELLEE
§
 ANDERSON COUNTY, TEXAS

 

MEMORANDUM OPINION


 In two issues, Appellant Felipe Pinales Gonzales challenges the trial court's sua sponte
dismissal of his divorce action. We affirm. 


Background


 Mr. Gonzales filed for divorce from his wife, Carmen Lionor Gonzales, in Anderson County,
where he is incarcerated by the Texas Department of Criminal Justice- Institutional Division. In his
petition, he alleged that he had lived in Anderson County for the preceding ninety days and in the
State of Texas for the preceding six months. The trial court sua sponte dismissed the divorce action
after concluding that Mr. Gonzales is not a resident of Anderson County. This appeal followed. (1)


Discussion


 In his first issue, Mr. Gonzales contends that section 6.301 of the Texas Family Code does
not distinguish between a voluntary resident and an involuntary resident. Therefore, he concludes
that the trial court erroneously dismissed his divorce action.

 According to Subtitle C, Chapter 6 of the Texas Family Code, 


 A suit for divorce may not be maintained in this state unless at the time the suit is filed either the
petitioner or the respondent has been:


 (1) a domiciliary of this state for the preceding six-month period; and


 (2) a resident of the county in which the suit is filed for the preceding 90-day period.


Tex. Fam. Code Ann. § 6.301 (Vernon 1998). This residency requirement has been defined as a
physical presence in a county, accompanied by a good faith intention to remain and permanently and
definitely make that county his home. Randle v. Randle, 178 S.W.2d 570, 572 (Tex. Civ. App.-
Galveston 1944, no writ). There is no reason an inmate may not maintain a divorce action in the
county where he is imprisoned. See In re Marriage of Earin, 519 S.W.2d 892, 893 (Tex. Civ.
App.-Houston [1st Dist.] 1975, no writ). Thus, Mr. Gonzales correctly concludes that the
involuntariness of his presence in Anderson County does not foreclose a determination that he is a
resident of that county. As with any other petitioner, however, he is a resident of the county only if
he intends to reside in that county permanently after his release from prison. Id. 

 In this case, the trial court required Mr. Gonzales to complete a questionnaire. Among other
questions, the court asked (1) where Mr. Gonzales lived prior to his incarceration in Anderson
County and for how long; (2) the address of any residence in Anderson County where he resided
before he was incarcerated; and (3) where he intends to reside when he is released from prison. Mr.
Gonzales responded that before he came to Anderson County, he was an inmate at the Willacy Unit
in Raymondville, but had resided in Maryland prior to his incarceration. He further stated that he
had never resided in Anderson County and that upon his release he intends to reside in Texas, but
does not know what city. Based upon these answers, the trial court correctly concluded that Mr.
Gonzales is not a resident of Anderson County. See id. Mr. Gonzales's first issue is overruled.

 In his second issue, Mr. Gonzales contends that, in dismissing his divorce action, the trial
court "made a material error calculated to injure the fundamental rights to due process and due
course of the law of the land. . . ." As a result of the trial court's error, his argument continues,
"[t]he trial court deprived Appellant of his State and Federal constitutional rights to a meaningful
divorce suit. . . ." We disagree.

 Federal courts have recognized that inmates have a constitutional right to reasonable access
to the courts. See, e.g., Bounds v. Smith, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494, 52 L. Ed. 2d 72
(1977). Reasonable access to courts must include access in general civil legal matters including but
not limited to divorce and small civil claims. Corpus v. Estelle, 551 F.2d 68, 70 (5th Cir. 1977). 
Nevertheless, an inmate who files a divorce action in Texas must satisfy the residency requirements
of section 6.301. See Earin, 519 S.W.2d at 893 (applying predecessor to section 6.301). This statute
is constitutional even though the result of its application may be that an inmate cannot maintain a
divorce suit in any county in the state until six months after being released from prison. LeFebvre
v. LeFebvre, 510 S.W.2d 29, 30-31 (Tex. Civ. App.-Beaumont 1974, no writ) (construing
predecessor to section 6.301). Therefore, the trial court's order of dismissal does not violate Mr.
Gonzales's constitutional rights. Accordingly, his second issue is overruled.


Conclusion


 Mr. Gonzales failed to establish that he was a resident of Anderson County for the ninety-day
period preceding the filing of his divorce action. Consequently, the trial court did not err when it
dismissed the divorce action. The trial court's dismissal order is affirmed.



 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered December 23, 2003.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.













(PUBLISH)
1. Mrs. Gonzales did not file a brief in this appeal.